UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ERIE COUNTY DISTRICT ATTORNEY'S OFFICE, | **DECISION** |
| | **and** |
| Petitioner, | **ORDER** |
| v. | |
| | 21-CV-283V(F) |
| MARTIN GUGINO, | |
| | |
| Respondent. | |

_____

APPEARANCES:   JOHN J. FLYNN
 ERIE COUNTY DISTRICT ATTORNEY
 Attorney for Petitioner
 MICHAEL J. HILLERY, Assistant District Attorney,
   of Counsel,
 25 Delaware Avenue
 Buffalo, New York  14202

 LIPSITZ GREEN SCIME CAMBRIA LLP
 Attorneys for Respondent
 MELISSA D. WISCHERATH, of Counsel
 42 Delaware Avenue
 Suite 120
 Buffalo, New York  14202


In this § 1983 action alleging excessive force used against Respondent in connection with an encounter which occurred on June 4, 2020 in the City of Buffalo, by papers filed June 20, 2021, Petitioner, Erie County District Attorney ("Petitioner" or "the District Attorney") moves, pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii), (iv) ("Rule 45__"), to quash a subpoena *duces tecum* served by Respondent who is the Plaintiff in the related action, *Gugino v. City of Buffalo, et al.*, 21-CV-283V(F), ('the Gugino action"), pursuant to Fed.R.Civ.P. 45(a)(1)(D) on May 27, 2021.  Dkt. 25-4 ("the subpoena") ("Petitioner's motion").  The subpoena required production of the District Attorney's file relating to

Gugino's encounter on June 4, 2020 with Buffalo Police Officers John Losi, Aaron Torgalski, and Robert McCabe ("the officers") ("the June 4, 2020 encounter") who are among the Defendants in the Gugino action commenced February 22, 2021, documents including ESI, video, audio communications, e-mails, and text messages related to any criminal proceedings arising from Gugino's encounter with Defendant officers, audio recordings of radio communications of the Buffalo Police Department on June 4, 2020, and documents including ESI regarding the collection of evidence and analysis relating to Gugino and the encounter.  Dkt. 25-4 at 4.  The subpoena required production of all responsive documents by the District Attorney at Gugino's attorneys' office on June 17, 2021. Dkt. 25-4 at 1.  The District Attorney is a non-party to the Gugino action.

On July 20, 2021, Respondent filed a cross-motion to compel Petitioner's compliance with the subpoena pursuant to Fed.R.Civ.P. 45(d)(2)(B) ("Respondent's Cross-Motion").  The court's scheduling order required Petitioner's response to Respondent's Cross-Motion by August 12, 2021 (Dkt. 26); to date no response has been filed by Petitioner.  Motions to quash a subpoena are non-dispositive.  *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010); motions to compel compliance with a subpoena are also non-dispositive. *See Cadence Pharmaceuticals, Inc. v. Multisorb Technologies, Inc.*, 2016 WL 4267567, at * 4 (W.D.N.Y. Aug. 15, 2016).  Oral argument was deemed unnecessary.

Rule 45 requires the court to quash or modify a subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or that "subjects a person to undue burden."  *Strike 3 Holdings, LLC v. Doe*, 337 F.Supp.3d 246, 251 (W.D.N.Y. 2018) (quoting Fed.R.Civ.P. 45(d)(3)(A)(iii – iv)).

"'The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant.'" *Id.* (quoting *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007)).  The movant also carries the burden to demonstrate the subpoena is overly broad, duplicative, or unduly burdensome.  *Id.* (citing caselaw).  In determining whether to quash a subpoena based on a "qualified privilege," *Strike 3 Holdings, LLC*, 337 F.Supp.3d at 251, courts consider (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.  *Id.* (quoting *Arista Records, LLC*, 604 F.3d at 119).  Questions as to the reasonableness and burden of a subpoena are within the court's discretion.  *Id.* (citing *Malibu Media, LLC v. Doe*, 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016)).

Failure to serve objections to a Rule 45 subpoena within 14 days following service of the subpoena as required by Fed.R.Civ.P. 45(d)(2)(B), results in waiver of such objection.  Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK 2021 (Thomson Reuters) at 1062 (citing caselaw); *see Sines v. Yiannopoulos*, 2020 WL 6058279, at * 4 (S.D.N.Y. Oct. 14, 2020) ("the failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections" which may be "forgiven in unusual circumstances and for good cause." (internal quotation omitted)).  However, in lieu of a timely objection, a recipient may file a timely motion to quash.  Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK 2021 at 1062 (citing *Sines v. Kessler*, 325 F.R.D. 563, 566 (E.D.La. 2018).  *See also Wyatt v. Kozlowski*, 2019 WL 3729262, at * 4 (W.D.N.Y. Aug. 8, 2019) (after

failing to timely object to a Rule 45 subpoena, the defendant moved to quash the subpoena asserting the subpoenaed party's compliance would violate privilege between the defendant and the subpoenaed party).  Although the motion was filed belatedly, specifically, 17 days after the subpoena return date, and thus is not timely for Rule 45 purposes, nevertheless, the court retains discretion to entertain the motion to quash where the court finds there are valid interests to address notwithstanding the untimeliness of the motion).  See *Nike, Inc. v. Wu*, 349 F.Supp.3d 310, 320 (S.D.N.Y. 2018) (overlooking, in its discretion, the untimeliness of a motion to quash and considering the motion because it "articulated important interests" to the litigation including, *e.g.*, the importance of the requested documents to the litigation).  Here, the court finds the District Attorney's interest in attempting to comply with applicable state law, *i.e.*, § 160.50, constitutes a valid interest to be considered by the court.  Moreover, Petitioner does not point to any significant prejudice resulting from the court's consideration at this time if the motion is considered on its merits as in this case discovery is in its early stages and is not scheduled to be complete until April 30, 2021.  *See* Amended Case Management Order (Dkt. 21).  In the absence of objections, motions to compel compliance with a subpoena are pursuant to Fed.R.Civ.P. 37(a).  *Id.* at 1062-63 (citing caselaw).  *See In re Kaleida Health*, 2021 WL 3398929, at * 1 (W.D.N.Y. Aug. 4, 2021) (motion to compel compliance with subpoena pursuant to Fed.R.Civ.P. 37(a)).  Accordingly, the court turns to the merits of Petitioner's motion.

  Here, Petitioner asserts that Buffalo Police officers Robert McCabe and Aaron Torgalski, who are among the Defendants in the Gugino action, were charged with second degree assault, *see*, N.Y. Penal Law § 120.05, in connection with and following

the June 4, 2020 encounter, Dkt. 23 ¶ 4, but that an Erie County Grand Jury refused to indict the officers by returning a "no true bill," Dkt. 23 ¶ 5, "dismissing the case against the officers." *Id.*  As a result, Petitioner further avers that the District Attorney's documents responsive to the subpoena are sealed under N.Y. Crim. Proc. Law § 160.50 and are accessible only upon court orders.  *Id.* ¶ 6.  Petitioner also asserts the subpoena requests are overly broad including privileged information and protected attorney work-product.  *Id.* ¶ 7.  In general, in the absence of a motion by a district attorney to prevent sealing, granted by a court, N.Y. Crim. Proc. Law § 160.50 ("§ 160.50") requires all records pertaining to a criminal action or proceeding be sealed where the action or proceeding was terminated in favor of the accused person as provided in § 160.50[3].  Failure to return a true bill by a grand jury, as occurred in the instant matter, constitutes a favorable termination thus triggering the application of § 160.50.  *See* § 160.50[3](h) (dismissal of charges pursuant to N.Y. Crim. Proc. Law § 190.75 in case of grand jury refusal to indict for insufficient evidence or lack of probable cause).

However, federal courts have consistently held § 160.50 as inapplicable to federal civil rights actions based on a plaintiff's encounter with police leading to criminal charges later dismissed in favor of an accused person as provided by § 160.50[3].  *See Lyles v. City of New York*, 2009 WL 4276969, at *1 (S.D.N.Y. Nov. 30, 2009) (N.Y. Crim Proc. Law § 160.50 not applicable to federal civil rights action and N.Y. District Attorney cannot avoid compliance with plaintiff's Rule 45 subpoena on that ground (citing *Haus v. City of New York*, 2006 WL 3375395, at *2 (S.D.N.Y. Nov. 17, 2006))); *MacNamara v. City of New York*, 2006 WL 3298911, at *2 (S.D.N.Y. Nov. 13, 2006) (citing caselaw).

*See also Palacio v. Goord*, 338 Fed.Appx. 37, 38 (2d Cir. 2009) (federal courts are not constrained by § 160.50).  Nevertheless, as a matter of comity federal courts attempt to balance "'important federal interests in broad discovery truth-seeking,'" *Id.*, at *3 (quoting *King v. Conde*. 121 F.R.D. 180, 187 (E.D.N.Y. 1988)), against the state's interest 'to ensure confidentiality for people who are arrested "but obtain a favorable outcome of their case thus attaching the protection provided by § 160.50, to 'avoid attaching any public stigma to them.'" *Id.* at *3 (quoting *Haus v. City of New York*, 2006 WL 1148680, at *2 (S.D.N.Y. Apr. 24, 2006)).  Here, Defendants' interest in privacy and avoidance of public stigma is greatly diminished by the extensive public exposure of the encounter and subsequent pursuit of charges against Defendants McCabe and Torgalski, *see* Dkt. 25-1 at 7 n. 1, 2 (referencing public statements by the District Attorney and police union president confirming refusal by the local grand jury to proceed against these Defendants) and publicly available video of the June 4, 2020 encounter between Gugino and the alleged officers.  *Id.* n. 4.  Notably, the District Attorney does not dispute these facts as asserted by Respondent, *see* Dkt. 23 (*passim*).  Indeed, Petitioner's motion confirming the initial charges against these Defendants, who are referenced by Petitioner using their names, and the Grand Jury action, Dkt. 23 ¶¶ 4, 5, was not redacted or filed under seal.  In the absence of the District Attorney's showing that "'specific harms [are] likely to accrue from disclosure of specific materials,'" § 160.50 presents no bar to Petitioner's compliance with Respondent's subpoena.  *Haus v. City of New York,* 2006 WL 3375395, at *2 (S.D.N.Y. Nov. 17, 2006) (quoting *King*, 121 F.R.D. at 189).

Nor are Petitioner's generalized assertions that the subpoena is overly broad and seeks disclosure of "privileged material such as attorney work-product," Dkt. 23 ¶ 7 (citing *People v. Kozlowski*, 898 N.E.2d 891, 902-05 (N.Y. 2008) (discussing attorney-client privilege and attorney work-product protections), sufficient to avoid compliance. Under Rule 45, a recipient is required to "expressly claim the privilege and describe the nature of the documents, communications, or things not produced in sufficient detail that the court and parties can assess the privilege." Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK 2021 at 1067 (citing caselaw at n. 99). *See Wyatt*, 2019 WL 3729262, at *5 (denying motion to quash subpoena *duces tecum* where movant failed to sufficiently describe or identify withheld documents based on asserted privilege). Failure to do so constitutes a waiver. *Id*. Here, Petitioner provides no such particulars to support a potential law enforcement privilege, *see In re City of New York*, 607 F.3d 923, 944-45 (2d Cir. 2010) (discussing sufficiency of subpoenaed party's description of documents withheld to show they contain information protected by law enforcement privilege), and it is settled that the attorney-work product protection applicable to a prosecution file is inapplicable to subsequent civil rights action later brought by a defendant in a prior criminal case. *See Haus*, 2006 WL 3375395, at **2-3 (citing *Abdell v. City of New York*, 2006 WL 2664313, at **2-3 (Sept. 14, 2006) (non-party district attorney "'cannot invoke work-product immunity of Fed.R.Civ.P. 26(b)(3) for prosecutor's data sheets to withhold documents created for the non-party's benefit.'") (quoting *Ramsey v. NYP Holdings, Inc.*, 2002 WL 1402055, at *2 and authorities) (S.D.N.Y. June 27, 2002))). Nor is there serious risk that Petitioner's compliance would run afoul of the common-law work product protections by revealing information that may

cause a prosecutor to alter his or her consideration of a case given that much of the district attorney's file is subject to disclosure under New York law to defense counsel, such that disclosure in the instant case would not constitute a "windfall" for Plaintiff's counsel as it appears Plaintiff is pursuing all sources of relevant evidence as disclosure pursuant to Fed.R.Civ.P. 26(a) by Defendants including the District Attorney's file.  *See* Dkt. 25-1 at 3-4 (referencing Dkt. 25-3 at 2, 3), nor is there serious risk of interfering with an on-going litigation involving the District Attorney as the putative charges at issue have been dismissed by the Grand Jury's action.  *See Abdell,* 2006 WL 2664313, at **4-5.  Thus, compliance with the subpoena will not offend work-product protections available under federal common-law.  In any event, Petitioner's failure to provide a privilege log supporting Petitioner's claim that compliance will violate Petitioner's general privilege assertion, constitutes a waiver.  *See Carpenter v. Churchville Greene Homeowner's Ass'n*, 2011 WL 4711961, at *12 & n. 7 (W.D.N.Y. Sept. 29, 2011) (noting belated production of a privilege log for a subpoena directed to a non-party may result in a waiver, particularly upon a showing of prejudice to the requesting party); *In re Application For Subpoena To Kroll*, 224 F.R.D. 326, 328 (E.D.N.Y. 2004) ("Rule 45 subpoena requires privilege log to support recipient's privilege claim) (citing caselaw).  As noted, *supra*, Petitioner fails to specify any privilege, such as the law enforcement or attorney-client privilege, that could constitute a bar to compliance.

    Finally, Petitioner's assertion, Dkt. 23 ¶ 7, that the subpoena should be quashed as overly "broad and non-specific" is unavailing.  Objections based on overbreadth are treated as an assertion that the Rule 45 subpoena requests production of material lacking relevancy beyond the scope of permissible discovery under Fed.R.Civ.P.

26(b)(1) (allowing discovery of relevant information proportional to a claim or defense). *See Arroyo v. City of Buffalo*, 2018 WL 4376798, at * (W.D.N.Y. Sept. 13, 2018) ("To be sustained, an objection based on overbreadth requires a showing that the interrogatory 'extends to information not relevant to the claims or defenses in the matter.'" (quoting Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK 2021 at 1067at 861)). Here, the subpoena requests the District Attorney's file relating to the June 4, 2020 encounter including copies of video, audio, e-mails, and text messages created in connection with subsequent criminal proceedings related to the June 4, 2020 encounter, copies of audio recordings for the Buffalo Police Department for June 4, 2020 and documents regarding collection and analysis of evidence relating to Gugino and the June 4, 2020 encounter.  Dkt. 25-4.  Given the flexible nature of the concept of relevance under Rule 26(b)(1), *see Essential Freight Systems, Inc. v. Schmidt*, 1989 WL 29957, at * (E.D.N.Y. Mar. 24, 1989) (considering "relevance to the subject matter" of discovery to be "a flexible standard"), and because evidence need not be admissible to be within the scope of Rule 26(b)(1), *see* Fed.R.Civ.P. 26(b)(1), it's difficult to see how the subpoena requests are irrelevant to the issue of Respondent's excessive force claim in the Gugino action, as Petitioner asserts.  Petitioner's overbreadth contention is therefore rejected as meritless.  However, the court also finds that insofar as the subpoena seeks copies of all Buffalo Police radio communications for June 4, 2020 that may be in the possession of the District Attorney, to the extent such radio communications do not pertain to the June 4, 2020 encounter, such records are not relevant and need not be produced.  *See Chinn v. Elmwood Franklin School*, 2018 WL 2431886, at * 2 (W.D.N.Y. May 30, 2018) (court has authority to modify Rule 45

subpoena (citing *Syposs v. United States*, 181 F.R.D. 224, 226-27) (W.D.N.Y. 1998))). Notably, Petitioner does not argue the requests are overly burdensome.

## CONCLUSION

Based on the foregoing, Petitioner's motion (Dkt. 23) is GRANTED, in part, and DENIED in part; Respondent's Cross-motion (Dkt. 25) is GRANTED, in part, and DENIED, in part.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  September 14th, 2021
        Buffalo, New York