UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARTIN GUGINO,<br><br>                       Plaintiff,<br>     v.<br><br>CITY OF BUFFALO,<br>MAYOR BYRON BROWN,<br>ROBERT McCABE,<br>AARON TORGALSKI,<br>JOHN LOSI,<br>BYRON C. LOCKWOOD,<br>DEPUTY POLICE COMMISSIONER<br>  JOSEPH GRAMAGLIA,<br><br>                       Defendants. | **DECISION<br>and<br>ORDER**<br><br>21-CV-283V(F) |

_____

APPEARANCES:        LIPSITZ GREEN SCIME CAMBRIA LLP
                                Attorneys for Plaintiff
                                MELISSA D. WISCHERATH, of Counsel
                                42 Delaware Avenue, Suite 120
                                Buffalo, New York  14202

                                HODGSON RUSS LLP
                                Attorneys for Defendants
                                KARALYN ROSSI,
                                HUGH M. RUSS,
                                PETER A. SAHASRABUDHE, of Counsel
                                The Guaranty Building
                                140 Pearl Street, Suite 100
                                Buffalo, New York 14202


In this § 1983 action asserting violations of the First, Fourth, and Fourteenth amendments together with state law claims of negligence and assault and battery, by papers filed August 26, 2021, Plaintiff moves to compel Defendants' production of documents and expenses pursuant to Fed.R.Civ.P. 37(b)(2)(c) ("Plaintiff's motion") (Dkt.

27).  Specifically, Plaintiff alleges Defendants infringed Plaintiff's rights to free speech, assembly, petition, and against unreasonable seizures, in Defendants' enforcement of a curfew during public protests on June 4, 2020 in the City of Buffalo.  Plaintiff further alleges that while participating in a protest in downtown Buffalo he was subjected to excessive force by Defendants McCabe, Torgalski and Losi, police officers of the Buffalo Police Department ("BPD") serving as members of the BPD's Community Emergency Response Team ("CERT") ("Defendant Police Officers") that was enforcing the curfew on June 4, 2020 resulting in serious physical injury to Plaintiff ("the June 4, 2020 encounter" or "the encounter").  According to Plaintiff, the curfew, promulgated by Defendant Brown in his capacity as mayor of Defendant City, violated Plaintiff's rights to Due Process for vagueness and discriminatorily enforced by Defendants, and retaliated against Plaintiff when Plaintiff attempted to exercise his First Amendment rights during the encounter.  Plaintiff's § 1983 claims against Defendants City, Brown, Lockwood and Gramaglia ("City Defendants") are alleged pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 650 (1978) ("*Monell*") based on a policy and practice of deliberate indifference to the exercise of Plaintiff's constitutional rights established and maintained by City Defendants resulting from a failure to properly train and supervise BPD police officers in the permissible use of force against persons like Plaintiff while exercising First Amendment rights.  ("Plaintiff's *Monell* Claims" or "the *Monell* Claims").

    Plaintiff's Amended First Request For Production To Defendants was served on April 27, 2021 (Dkt. 28-1) ("Plaintiff's First Request for Production") which included 52 document requests including ESI and video footage of the June 4, 2020 encounter; Plaintiff's Second Request For Production To Defendants was served April 30, 2021

2

(Dkt. 28-2) ("Plaintiff's Second Request for Production") included two additional requests for documents specifically all documents identified in Defendants' Rule 26(a) disclosures and those in support of Defendants' defenses.  Defendants' outside counsel, Hodgson Russ, who appeared on April 29, 2021, given the extensive nature of Plaintiff's discovery requests requested and received from Plaintiff an extension of time to August 1, 2021 within which to serve Defendants' responses.  Dkt. 30, ¶¶ 2-4.

Plaintiff's First Request for Production included nine requests directed to Plaintiff, Defendant Brown's curfew, or the June 4, 2020 encounter; ten requests are directed to the use of force by BPD police officers including the use of force against persons exercising First Amendment rights, records related thereto, BPD policies, and record keeping practices, eight requests directed to the filing, investigation and outcomes of civilian complaints against BPD police officers, four requests are directed to training of BPD police officers, including the CERT, on eleven different topics such as the use of force, riot and crowd control, dealing with First Amendment activities, seven requests for information concerning the CERT, six requests regarding the activities of the BPD's Internal Affairs Division ("IAD") including the number of investigations, subject matter and outcomes, and requests for the personnel files of Defendant Police Officers, BPD arrest data including curfew violations, the BPD Operations Plan for May 27 through June 8, 2020, BPD police officers' disciplinary records, information regarding the Commissioner of Citizen Rights and Community Relations and the Buffalo Commission on Police Reform, the BPD suspension policy for its police officers, Collective Bargaining Agreement for the BPD, and the City's Comprehensive Emergency

3

Management Plan and Mutual Aid Agreements.  Of the 52 Plaintiff requests, 31 requested responsive documents from 2000 to the present.

As noted, Defendants' outside counsel appeared on April 29, 2021 and requested an additional period of time to serve responses to August 1, 2021 (Dkt. 30 ¶¶ 2-4).[1]  Defendants' initial production included 826 pages of documents including copies of BPD policies and procedures, and the IAD file regarding the encounter and copies of ground level video and aerial video footage of the encounter.  *Id.* ¶ 7.  At that time Defendants advised Plaintiff that responsive ESI was being searched and would be produced following a privilege review. *See* Dkt. 30-2.  Additional document production by Defendants was served on August 12, 2021,  Dkt. 30 ¶ 10; Dkt. 30-2.  Prior to Defendants' initial production on August 5, 2021, on August 3, 2021, Plaintiff requested a conference with Defendants to discuss issues regarding Defendants' document production.  Dkt. 30-4 at 2-3.  The requested teleconference was conducted with Plaintiff's and  Defendants' counsel on August 6, 2021.  Defendants' document productions asserted numerous objections including overburdensomeness, lack of proportionality, and privilege.  *See, e.g.*, Dkt. 25-2 at 2 (Defendants' Response to Plaintiff's Request No. 7); *id.* at 3 (Defendants' Response to Plaintiff's Request No. 3).  Defendants also stated Defendants would provide additional responsive documents on a "rolling basis," *see, e.g.*, Dkt. 28-5 at 2-3 (Defendants' Response to Plaintiff's Request No. 1) and that Defendants would not provide discovery for the Plaintiff's 20-year look-back requests.  *See, e.g.*, Dkt. 28-5 at 3 (Defendants' Response to Plaintiff's Request

---

[1]  As August 1, 2021 was a Sunday, Defendants' responses were served August 5, 2021.  Dkt. 30 ¶ 7 n. 1.

No. 3 requesting BPD's use of force manuals and polices for the period 2000 – present).

The parties' accounts of the conference are at odds. According to Defendants, at the conference, Plaintiff's counsel refused to consider Defendants' objections to Plaintiff's requests and, instead, demanded all such objections be withdrawn. Dkt. 30 ¶¶ 18, 20. In response to Plaintiff's query regarding production of body-camera footage, Defendants explained the delay in obtaining this material resulted from the retirement of a senior BPD captain who oversaw such material and that Defendant would produce the material as soon as it became available and was reviewed by counsel. *Id.* ¶ 19. The footage was produced by Defendants on August 31, 2021. Dkt. 30-3. Defendants also stated that a privilege log would also be produced should Defendants withhold any documents including ESI. *Id.* ¶ 21. According to Defendants, Plaintiff also refused to suggest e-mail address or domain names to assist in Defendants' ESI discovery and production. Dkt. 30 ¶ 27. Plaintiff asserts, to the contrary, that Defendants failed to explain why ESI and video footage of the encounter production was then incomplete. Dkt. 33 at 5. Plaintiff also asserts Defendants failed to satisfactorily justify Defendants' refusal to provide certain requested documents for a 20-year look-back period responsive to Plaintiff's requests. *Id.* at 4. Plaintiff also complained that Defendants refused to provide a cut-off date for further document production on a "rolling basis." *Id.* at 5-6. Plaintiff's further claims Defendants attempted to improperly place the burden of refuting Defendants' general objections upon Plaintiff and that as a result a further conference would be futile. *Id.* at 6-7. The conference call terminated unexpectedly after about one-hour as a result of an apparent technical failure and was not resumed

for reasons not explained on the record.  Dkt. 9 ¶ 30.  Neither party indicates any attempt to schedule a further conference.

Thereafter, Plaintiff filed, on August 20, 2021, the instant motion to compel and to amend the Amended Scheduling Order to extend Plaintiff's time to move to join parties or amend the Complaint by 30 days following Defendants additional production (Dkt. 27).  Plaintiff contends Defendants' general objections are unsupported and should be overruled, and that Defendants' asserted privilege is waived based on Defendants' failure to provide a privilege log.  See Dkt. 27-1 at 4; 5-6 (citing caselaw).  Plaintiff also maintain Defendants have failed to conduct a reasonable search for responsive documents.  Dkt. 27-1 at 6.  Plaintiff continues to object to Defendants' intent to provide document production on a "rolling basis."  Id. at 6.  In opposition, Defendants argue the August 6, 2021 meet and confer conference was not conducted in good faith by Plaintiff's counsel and that the court should require the parties engage in a further conference as required by Fed.R.Civ.P. 37(a)(1) and Local R.Civ.P. 7(d)(3).  Dkt. 30-5 at 6.  Defendants also contend no waiver of Defendants' privilege or work-product objections has occurred as Defendants have not withheld any such material.  Dkt. 30-6 at 8-9 (citing caselaw).  Defendants further contend Plaintiff has refused to engage in a good-faith effort to establish ESI search terms which has delayed Defendants' compliance and that video coverage footage of the encounter has been provided.  Dkt. 30-6 at 10.  Defendants further contend Plaintiff's requests in support of Plaintiff's claims against Defendants based on *Monell* are overbroad and unduly burdensome.  Dkt. 30-6 at 12.  Defendants do not oppose Plaintiff's request to amend the Amended Scheduling Order.  Dkt. 30-6 at 15.  In Plaintiff's Reply, filed September 23, 2021 (Dkt.

33), Plaintiff asserts Defendants have failed to provide original source footage of the video footage Defendants have provided to permit Plaintiff to assure that what Defendants have provided was not improperly edited, Dkt. 33 at 2, asserts a further conference would be futile because of the gap in the parties' recalls of the meeting, *id.* at 3, and reiterates Plaintiff's objections to Defendants' "rolling-basis" production scheme, *id.*, at 5.  Oral argument was deemed unnecessary.

(1)     Meet and Confer.

Fed.R.Civ.P. 37(a)(1) requires as a prerequisite to a motion to compel discovery that the requesting party confer in good faith with the requested party to obtain discovery which is sought by the requesting party.  Local R.Civ.P. 7(d)(3) requires a moving party aver that sincere efforts to resolve the discovery dispute have been made.  This court requires the parties identify specific issues for resolution, the capabilities of the requested party to produce the requested discovery and an articulation of the specific issues that cannot be resolved without judicial intervention.  *See Treadway v. Voutour*, 2011 WL 3159102, at *1 (W.D.N.Y. July 26, 2011) (citing *Big Apple Pyrotechnics v. Sparktacular Inc.*, 2006 WL 587331, at *1 (S.D.N.Y. Mar. 8, 2006)).  Here, the record persuades the court such good faith efforts were not exercised.  First, the conference was requested by Plaintiff prior to service of Defendants' initial responses without any substantial opportunity to carefully consider the extent Defendants' responses complied with Plaintiff's requests inferring an orientation toward litigation, not negotiation.  Second, the disputes which arose at the conference may have been avoided by a more thorough discussion of the applicable principles governing the issues to be discussed such as which party carries the burden of

establishing the basis for an objection based on overburden or lack of proportionality as the parties' recall of the conference reveals.  Third, that the conference call was terminated for unknown reasons and not rescheduled suggests a lack of serious purpose to avoid the need for judicial intervention to address a plethora of significant issues raised by Plaintiff's motion.  Accordingly, the court finds the conference as described and relied upon by Plaintiff does not satisfy the requirements of Rule 37(a)(1) and Local Rule 7(d)(3).  The parties are therefore directed to conduct a further Rule 37(a)(1) conference within 10 days of this Decision and Order.  Nevertheless, in order to facilitate a more productive conference, the court will address, without reaching the merits, several issues raised by Plaintiff's motion.  *See Lundstedt v. JP Morgan Chase Bank, N.A.*, 853 Fed.Appx. 704, 708 (2d Cir. 2021) (district court supervises pre-trial discovery in exercising sound discretion) (citing *Wood v. F.B.I.*, 431 F.3d 78, 84 (recognizing district court's "broad discretion to manage pre-trial discovery")).

(2)     Rolling Basis Production.

Plaintiff objects to Defendants' intended responses to be provided on a "rolling basis" as impairing Plaintiff's ability to complete discovery on a timely basis.  *See* Dkt. 27-1 at 8.  The Amended Scheduling Order for this case was entered May 28, 2021 (Dkt. 21) and calls for completion of fact discovery on June 30, 2023.  Although the court agrees with Plaintiff's concern about the length of time Defendants have taken to respond to Plaintiff's requests, that a responding party provides requested document production on a so-called "rolling basis," as Defendants have and propose to continue, courts have approved such a method of compliance.  *See United Illuminating Co. v. Whiting-Turner Contracting Co.*, 2019 WL 4926402, at *2 (D.Conn. Oct. 7, 2019)

(approving plaintiff's document production on "a rolling basis" following plaintiff's location of documents responsive to defendant's request directed to the loss of certain e-mails and denying sanctions given plaintiff's continued production on such basis); *see also Lisischeff v. Mastec North America, Inc.*, 2021 WL 1345623, at **1, 5 (D.Conn. Apr. 12, 2021) (approving production to plaintiff on a "rolling basis" of medical records upon receipt by defendant); *In re Zyprexa Products Liability Litig.*, 2005 WL 2237791, at *1 (E.D.N.Y. Mar. 10, 2005) (approving defendant's document production on "a rolling basis."). Nevertheless, Defendants' production cannot be permitted to proceed without reasonable limits. *See In re Zyprexa Products Liability Litig.*, 2005 WL 2237791, at *1 (setting 90-day limit for such production). Thus, at the further Rule 37(a)(1) conference, the parties should make a good-faith effort to establish an outside date for the completion of Defendants' further production.

(3)   Burdensomeness – Non-Proportionality.

Generally, the responding party to a document production request pursuant to Fed.R.Civ.P. 34(a)(1) ("Rule 34(a)(1)") has an obligation to conduct a reasonable search to locate and produce the requested information. *See New York v. Grand River Enterprises Six Nations, Ltd.*, 2020 WL 7350335, at * 3 (W.D.N.Y. Dec. 15, 2020) ("it is basic that in responding to a request to produce documents pursuant to Fed.R.Civ.P. 34(a), a responding party is required to engage in a good-faith reasonable effort to identify and locate all responsive documents subject to objections based on lack of relevance, overbreadth, undue burdensomeness and privilege" (citing cases)). Unless agreed otherwise by the parties or court order, the responding party is expected to shoulder the cost of production including copying expenses. *See Hawks v. Diina*, 2006

WL 2806557, at * 4 (W.D.N.Y. Sept. 28, 2006) (observing discovery costs are ordinarily borne by the party seeking the documents.  In case of dispute, the party resisting discovery has the burden of demonstrating why discovery should be denied.  *See In re Air Crash Near Clarence Center, N.Y.*, 2013 WL 6073635, at *2 (W.D.N.Y. Nov. 18, 2013) ("The party resisting discovery bears the burden of specifically demonstrating why the requested discovery . . . is objectionable" (citing *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996)).  "The party seeking discovery has the initial burden to demonstrate that the information sought is relevant and proportional to the needs of the case . . . and upon such showing the "burden shifts to the party resisting the discovery to explain why discovery should not be permitted."  Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2020 Thompson Reuters) at 791 (citing caselaw); *see also In re Air Crash Near Clarence Center, N.Y.*, 2013 WL 6073635, at * 2.  Fed.R.Civ.P. 26(b)(1) requires discovery be proportional to the needs of the case based on the importance of the issues, the amount in controversy, the parties' relative accessibility to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or exposure of the proposed discovery outweighs its likely benefit.  Importantly, the permissible scope of discovery is governed by the claims or defenses in the case.  *See Grand River Enterprises Six Nations, Ltd.*, 2020 WL 7350335, at * 3 ("It is well-established that discovery requests which seek documents beyond the 'subject matter of the action' are irrelevant and should be precluded.").  Additionally, objections based on burdensomeness require the objecting party provide an affidavit from a person with knowledge of the facts explaining why the request unduly burdens the responding party.

*See Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003) ("for a burdensomeness objection to be sustained, a motion to compel on this ground must be opposed by an affidavit of a person with knowledge of the record keeping system with the requested party explaining in reasonable detail the factual basis for such an objection.")  Notably, in this case, Defendants have not provided such explanation.  Thus, the parties may usefully consider whether Defendants' objection to the 20-year look-back period for many of Plaintiff's requests is warranted based on non-existence of the requested documents, lack of accessibility, or undue expense in obtaining the documents.  The parties may also address whether the scope of Plaintiff's document requests, for example, those dealing with excessive force, should be limited to instances where complainants were exercising First Amendment rights as in this case, given the gravamen of the Complaint appears to be Defendants infringed Plaintiff's free speech, assembly and petition rights during the course of a public protest, a quintessential form of protected free speech to the extent it was non-violent.  Such limitation, including a fair definition of protected First Amendment activity which Plaintiff's requests do not include, could cause a withdrawal of Defendants' objection and therefore should be considered by the parties.  As regards the 20-year look-back period requested by Plaintiff for 31 of Plaintiff's document requests, while prior similar acts of excessive force and other abusive conduct are subject to discovery in support of *Monell* claims, *see T.H. by Shepard v. City of Syracuse*, 2018 WL 3738945, *4 (N.D.N.Y. Aug. 7, 2018) (complaints, lawsuits, and notices of claims involving use of chokeholds by defendants' police officers similar to chokehold alleged by plaintiff subject to discovery in support of plaintiff's *Monell* claim), the potential remoteness and

resultant lack of probative value may also serve to limit their admissibility as evidence. *See, e.g., Outlaw v. City of Hartford*, 884 F.3d 351, 377 (2d Cir. 2018) (sustaining in § 1983 case based on excessive force trial court's exclusion of 1994 Report of City of Hartford's Civilian Police Review Board, which reviewed investigations of civilian complaints against city police officers, as "too remote in time" to plaintiff's in 2004 encounter with defendant police officers). *See also Prince v. Kato*, 2020 WL 1874099, *5 (N.D.Ill. Apr. 15, 2020) (rejecting as disproportionate under Rule 26(b)(1) plaintiff's request for 25 years of police files to support plaintiff's *Monell* claim of wrongful conviction and granting look-back of four years of requested police records).  Thus, the parties should also consider whether, even assuming the availability of responsive documents in Defendants' possession or control over the 20 year look-back period as Plaintiff requests, obtaining such material is likely to result in sufficient admissible evidence to warrant the burdens associated with Defendants' production if identified by Defendants.

(4)     <u>Video Surveillance Footage</u>.

As noted, after some initial delay, Defendants have provided copies of video footage of the encounter as available to Defendants including from a drone and police officer body cameras.  Plaintiff nevertheless objects asserting the footage produced "appears . . not the <u>original</u> source footage" but was an "edited" form.  Dkt. 33 at 2 (underlining added).  Plaintiff therefore requests Defendants provide authorization or a court order to permit access to such original footage in possession of Defendants' vendor.  *Id.* 33 at 3.  This issue should also be addressed by the parties at the further Rule 37(a)(1) conference.  Plaintiff's request did not specify Plaintiff was seeking access

to the "original" video footage.  See Dkt. 28-1 at 8 (Request No. 2); 10 (Request No. 11).  If Defendants have control over such original video footage and can arrange for Plaintiff's access as Plaintiff requests the court assumes Defendants will do so.  Otherwise, Plaintiff may consider obtaining access by serving a non-party subpoena upon Defendants' vendor pursuant to Fed.R.Civ.P. 45(a)(1).

(5)     Privilege.

Plaintiff asserts Defendants waived any privilege or work-product protection by failing to serve a privilege log.  Dkt. 27-1 at 4-5.  Defendants contend that because a privilege log is not required unless requested material is withheld on that basis as Defendants have not withheld any requested documents for that reason, no privilege log was required.  See Dkt. 30-6 at 8-9.  Defendants further state that at the time Defendants filed Defendants' opposition to Plaintiff's motion, Defendants continue to engage in a review of "thousands" of potentially responsive e-mails.  Dkt. 30-6 at 10.  The court has not been advised of the Defendants' progress nor Defendants' further production of such material to Plaintiff.  Thus, at the conference the parties may wish to consider whether this subject remains in serious dispute.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 27) is DISMISSED without prejudice.  The parties shall conduct a further Rule 37(a)(1) conference in accordance with the court's foregoing discussion of the issues presented in Plaintiff's motion within 10 days of this Decision and Order.  The court recommends the conference be conducted in person in accordance with Covid-19 protocols, if applicable, to avoid the

possibility of further disconnect of a teleconference meeting that may be caused by an unexpected technical failure.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
   LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  November 10, 2021
          Buffalo, New York