UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARTIN GUGINO, | **DECISION** |
| | **and** |
| Plaintiff, | **ORDER** |
| v. | |
| | **21-CV-283V(F)** |
| CITY OF BUFFALO, | |
| MAYOR BYRON BROWN, | |
| ROBERT McCABE, | |
| AARON TORGALSKI, | |
| JOHN LOSI, | |
| BYRON C. LOCKWOOD, | |
| DEPUTY POLICE COMMISSIONER | |
|   JOSEPH GRAMAGLIA, | |
| | |
| Defendants. | |

_____

APPEARANCES:		LIPSITZ GREEN SCIME CAMBRIA LLP
			Attorneys for Plaintiff
			MELISSA D. WISCHERATH, of Counsel
			42 Delaware Avenue, Suite 120
			Buffalo, New York  14202

			HODGSON RUSS LLP
			Attorneys for Defendants
			KARALYN ROSSI,
			HUGH M. RUSS,
			PETER A. SAHASRABUDHE, of Counsel
			The Guaranty Building
			140 Pearl Street, Suite 100
			Buffalo, New York 14202


	In this § 1983 action alleging violations of Plaintiff's First, Fourth, and Fourteenth Amendment rights, by papers filed June 23, 2022 (Dkt. 39), Defendants move for bifurcation of discovery pursuant to Fed.R.Civ.P. 26(c) ("Rule 26(c)") (Dkt. 39-1). Specifically, Defendants request that discovery relating to Plaintiff's claims against Defendants based on *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S.

650 (1978) ("*Monell*") be stayed until the threshold issue of whether Defendants violated any of Plaintiff's alleged constitutional rights is adjudicated in Plaintiff's favor on summary judgment.  *See* Defendants' Memorandum of Law, Dkt. 39-6 at 6 (citing *Gavin v. City of New York,* 2021 WL 3774113 at *5 (S.D.N.Y. Aug. 2021) (noting that defendant's liability was predicated upon whether plaintiff can first show a constitutional violation and explaining that "bifurcating the case, at least until [the plaintiff] prevails on a motion for summary judgment, bears the potential of reducing unnecessary discovery and is therefore warranted").  Plaintiff responded to the motion by papers filed July 19, 2022 (Dkts. 43 to 43-12),[1] and Defendants replied by papers filed July 26, 2022 (Dkts. 45 to 45-5).  Oral argument was deemed unnecessary.

In his Complaint, Plaintiff alleges several *Monell* claims including that Defendant Brown, sued in his official and individual capacities, and Defendant City violated Plaintiff's First, Fourth and Fourteenth Amendment rights by issuing a week long curfew order restricting public protest demonstrations between 8:00 p.m. and 5:00 a.m., Compl. ¶¶ 93, 173, in regard to Defendant City's policy and practice which authorized the use and concealment of unlawful excessive force to enforce the curfew, Compl. ¶¶ 124-125, and retaliation by the City against Plaintiff and its failure to train City police officers when interacting with citizens in the exercise of First Amendment rights, Compl. ¶ 160. Plaintiff further alleges municipal liability against Defendant City based on an assault against Plaintiff by Defendant Police Officers McCabe and Torgalski as members of the City Police Department's Emergency Response Team which was directed by Defendant Gramaglia to clear Niagara Square of protesters after 8:00 p.m. on June 4, 2020,

---

[1] A corrected memorandum of law was filed July 20, 2022 (Dkt. 44).

pursuant to Defendant City's policy and practice, which action resulted in Plaintiff's serious head injury.  Compl. ¶ 180.  Plaintiff's claims of selective enforcement and failure to intervene are not directed to Defendant City.  See Compl. ¶¶ 197, 205.

In seeking discovery of those claims, Plaintiff has served several document production requests for the period 2010 to present, *i.e.*, a 12-year period (Plaintiff initially sought documents for the period 2000 to present), Dkt. 39-1 ¶ 6, including Requests Nos. 10, 25-47, 50 and 52 in Plaintiff's Amended First Request for Production served April 27, 2021, which seek documents relating to the curfew, the use of force by Buffalo Police Department ("BPD") officers particularly involving persons exercising First Amendment rights, and all records relating thereto, BPD polices and record keeping practices, records relating to the filing of civilian complaints against BPD police officers and the respective outcomes, records relating to the training of BPD officers, including the Community Emergency Response Team ("CERT"), use of force, riot and crowd control in dealing with citizens' First Amendment activities, records concerning the CERT, activities of the BPD's Internal Affairs Division, BPD arrest data including for any prior curfew violations, PBD disciplinary records, information regarding the City Commission on Police Reform and BPD's suspension policy for police officers.  Since Plaintiff's prior motion to compel, Dkt. 27, dismissed by the undersigned's Decision and Order, dated November 10, 2021 (Dkt. 34), 2021 WL 5239901 (W.D.N.Y. Nov. 10, 2021), Defendants have made multiple productions, Dkt. 39-1 ¶ 3, referencing Exh. A (Dkt. 39-2) reflecting Plaintiff has served four additional requests to which Defendants have attempted to respond, however, Plaintiff has also served additional document production requests including, most recently, Plaintiff's Sixth Request (Dkt. 39-1 ¶ 4)

served on Defendants in late May 2022.  Dkt. 39-1 ¶ 3.  In addition, Plaintiff seeks information concerning more than 500 excessive force complaints arising over the past 12 years, Dkt. 39-1 ¶ 7, which according to Defendants, relate primarily to Plaintiff's *Monell* claims,  Dkt. 39-1 ¶ 8.  Defendants, in response, agreed to limited production related to excessive force claims from 2010 to present.  Dkt. 39-1 ¶ 7.  In sum, Defendants' motion is limited to Requests Nos. 10, 25-47, 50 and 52, described in Plaintiff's Amended First Request for Production.  *See* Dkt. 45-5 at 7.  Defendants therefore assert that bifurcation will facilitate prompt completion of discovery relating to the issue prerequisite to any potential *Monell* liability against Defendant City, *i.e.*, whether any Defendant violated Plaintiff's constitutional rights as alleged by Plaintiff.  *See Coleman v. County of Suffolk*, 685 Fed.Appx. 69, 72 (2d Cir. 2017) ("Where, as here, the conduct of individual defendant officers does not violate the plaintiff's constitutional rights, the municipality is generally not liable for a policy or practice pursuant to which the conduct was performed."); *Curley v. Village of Suffern,* 268 F.3d 65, 71 (2d Cir. 2001) (constitutional injury to plaintiff is prerequisite to *Monell* claims).

In opposition, Plaintiff contends that Plaintiff's *Monell* document requests are not excessively burdensome, *see* Dkt. 44 at 11, and that the parties were working toward a resolution of all outstanding issues relating to Defendant's production.  *See* Dkt. 44 at 6 (referencing several meet and confers and Plaintiff's involvement with outside experts in order to understand Defendants' information retrieval system and to facilitate Defendants' production).  Plaintiff further contends that *Monell* liability may be imposed where the actions complained of are not "solely attributable to the actions of named individual defendants").  Dkt. 44 at 9 (quoting *Barrett v. Orange County Human Rights*

4

*Comm.,* 194 F.3d 341, 349 (2d Cir. 1999), and that Defendants' assertion of qualified immunity does not bar *Monell* liability.  *Id.* at 10-11.  Finally, Plaintiff argues the cases relied on by Defendants involved "simpler *Monell* claims that were *derivative* of individual liability . . . rather than being sought directly on the basis of the unconstitutional nature of the City's police itself."  Dkt. 44 at 11.

However, Defendants demonstrate Plaintiff's *Monell* requests as stated in Plaintiff's Amended First Request will nevertheless require extensive searching and retrieval effort.  *See* Dkt. 45-5 at 2. ("Plaintiff's requests seek "voluminous materials").  Further, that qualified immunity may relieve individual Defendants from liability, does not negate those actions by a state actor are nevertheless prerequisite to any *Monell* claim.  *See Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013) ("[T]he entitlement of the individual municipal actors to qualified immunity because at the time of their actions there was no clear law or precedent warning them that their conduct would violate federal law is also irrelevant to the liability of the municipality."); *Curley*, 268 F.3d at 71 (individual state action required to sustain *Monell* claim).  Finally, Plaintiff's assertion that the City's potential *Monell* liability may be based solely upon the City's own unconstitutional police and practices is also without merit.  *See Curley*, 268 F.3d at 71.  Plaintiff cites to no authority to support such proposition and the court's research fails to reveal any.  Plaintiff's contention appears to be predicated on the theory that *Monell* liability may proceed where other than the named Defendants are responsible for § 1983 plaintiff's constitutional injury.  *See Askins*, 727 F.3d at 253.  In *Askins* the Second Circuit held that an actual individual constitutional tortfeasor need not be named in order to find *Monell* liability against a municipal defendant, such as where a settlement, or a

statute of limitations bar existed, yet the court's holding made clear that any *Monell* claim, notwithstanding such bars to individual § 1983 liability, nevertheless requires a constitutional violation by the individual defendant for *Monell* liability to attach.  "It suffices to plead and prove against the municipality <u>that</u> <u>municipal</u> <u>actors</u> committed the tort against the plaintiff <u>and</u> <u>that</u> <u>the</u> <u>tort</u> <u>resulted</u> <u>from</u> <u>a</u> <u>policy</u> <u>or</u> <u>custom</u> of the [defendant] municipality."  *Askins*, 727 F.3d at 253 (underlining added).

As a general matter, courts in the Second Circuit favor bifurcation of *Monell* discovery until at least a plaintiff has survived summary judgment on the underlying issues of any individual state actor in fact violated plaintiff's constitutional rights.  *See Dixon v. City of Buffalo*, No. 19-CV-1678WMS(JJM), Dkt. 73 at 9 (W.D.N.Y. Mar. 8, 2022) (slip opinion); *Gavin*, 2021 WL 3774113, at *5; *Oliver v. City of New York*, 540 F.Supp.3d 434, 435 (S.D.N.Y. 2021).  Such holdings are based on the court's exercise of its broad discretion to stay discovery pursuant to Rule 26(c) and Fed.R.Civ.P. 26(d) which grants the court authority to control the sequence and timing of discovery.  *Oliver*, 540 F.Supp.3d at 435.  Here, Defendants persuasively assert discovery will be more judiciously concluded on the underlying issue of Defendants' individual liability, including that of Defendant Brown based on Brown's alleged unconstitutional curfew, thereby positioning the parties to proceed with summary judgment practice.  In turn, should Plaintiff prevail on summary judgment, discovery may proceed on Plaintiff's *Monell* claims against Defendant City without serious risk of loss of evidence as the documents and other records sought by Plaintiff's Amended First Request for Production are likely to remain available for such purpose.

6

Nor is there any merit to Plaintiff's complaint that Plaintiff was unfairly surprised by Defendants' instant motion.  *See* Dkt. 44 at 7 ("Defendants now spring this motion on Plaintiff").  Although some forewarning to Plaintiff would have been desirable, given Plaintiff' insistence on Defendants' full compliance with Plaintiff's *Monell* related document production demands, *see* Dkt. 45 at ¶ 28, it is reasonably clear to the court that such forewarning would not have avoided the need for Defendants' motion.

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 39) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  October 6th, 2022
        Buffalo, New York