UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARTIN GUGINO,

                Plaintiff,

vs.

CITY OF BUFFALO,
MAYOR BYRON BROWN,
POLICE OFFICER ROBERT McCABE,
POLICE OFFICER AARON TORGALSKI,
POLICE OFFICER JOHN LOSI,          Civil Case No.: 21-CV-00283V(F)
POLICE COMMISSIONER
BYRON C. LOCKWOOD,
DEPUTY POLICE COMMISSIONER JOSEPH GRAMAGLIA,

                Defendants.
_____

## MEMORANDUM OF LAW IN SUPPORT OF
## OF MOTION TO COMPEL

We again seek the Court's assistance to stop flagrant deposition obstruction.

Today, a 3 x 5 notecard with a typed "speaking objection" and stock answer to be read by the witness was passed by the non-party witness's attorney while the witness was testifying under oath.



Fig. 1 is a screenshot Exhibit B: the 3 x 5 index card note passed to non-party witness John Evans by his attorney Rodney Personius.

The lawyer for the non-party witness, Rodney Personius, came to the deposition with two pre-made 3 x 5 index cards that contained a typed script that he prepared in order to coach the witness. He intended to pass the note to the witness during the deposition and did so.

A video of the flagrant obstruction is hereby incorporated by reference and will be hand delivered to the Court on Tuesday, January 16 as **Exhibit A**. At 10:48:31 on the video timestamp, Mr. Personius can be observed passing a note to the witness.

The index card note that was passed to the witness was marked at today's non-party deposition as Exhibit 60. It is hereby incorporated and more fully attached hereto as **Exhibit B**. The full deposition transcript is hereby incorporated and more fully attached hereto as **Exhibit C.**

The 3 x 5 note was passed to the witness during the questioning at Exhibit C, 38:15-20.

Mr. Personius refused to permit the second index card note to be marked, though he agreed to read its contents into the record. The second index card note contained the following typed instruction "I have no personal knowledge regarding this subject."

The Foschio rules were provided to Mr. Personius after a break and were marked as Exhibit 61. It is attached hereto as **Exhibit D.** Plaintiff's counsel requested that an agreement be made to follow the Foschio rules so the deposition could proceed, but Mr. Personius replied to "Go ahead and file your motion." Exhibit C at 47:13-14.

A copy of the non-party subpoena for John Evans was marked as Exhibit 45 and is attached hereto as **Exhibit E**.

**I.     Witness Coaching is Prohibited**

"It is well settled that it is inappropriate for an attorney to influence or coach a witness during a deposition." *Musto v Transp. Workers Union of Am., AFL-CIO*, 186 LRRM (BNA) 2194 (E.D.N.Y. Jan. 16, 2009).

"[O]nce a deposition begins, the right to counsel is somewhat tempered by the underlying goal of our discovery rules: getting to the truth. Under Rule 30(c), depositions generally are to be conducted under the same testimonial rules as are trials. During a civil trial, a witness and his or her lawyer are not permitted to confer at their pleasure during the witness's testimony. Once a witness has been prepared and has taken the stand, that witness is on his or her own." *Hall v Clifton Precision, a Div. of Litton Sys., Inc.*, 150 FRD 525, 528 (ED Pa 1993).

"It should go without saying that lawyers are strictly prohibited from making any comments, either on or off the record, which might suggest or limit a witness's answer to an unobjectionable question." *Id*. at 531.

If passing a note with a typed answer to be read by the witness is not deposition obstruction, then what is?

The brazen method to coach the non-party witness "on the record" using pre-typed 3 x 5 index cards the lawyer brought with him was egregious.

Plaintiff has incurred costs for the court reporter, the transcript, and the videographer as well as time filing the instant motion, and seeks to recover those costs and time.

Dated:  Buffalo, New York
        January 12, 2024

**LIPSITZ GREEN SCIME CAMBRIA, LLP**

/s/ Melissa D. Wischerath

Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: 716-849-1333