IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARTIN GUGINO,

        Plaintiff,

vs.

CITY OF BUFFALO,
MAYOR BYRON BROWN,
POLICE OFFICER ROBERT MCCABE,
POLICE OFFICER AARON TORGALSKI,
POLICE OFFICER JOHN LOSI,
POLICE COMMISSIONER BYRON C. LOCKWOOD,
DEPUTY POLICE COMMISSIONER JOSEPH GRAMAGLIA,

        Defendants.

Case No. 1:21-CV-283

# REPLY MEMORANDUM OF LAW BY PLAINTIFF
# IN FURTHER SUPPORT OF HIS MOTION AGAINST THE NON-PARTY WITNESS AND HIS ATTORNEY

**LIPSITZ GREEN SCIME CAMBRIA LLP**
Richard P. Weisbeck, Jr., Esq.
Melissa D. Wischerath, Esq.
42 Delaware Avenue, Suite 120
Buffalo, New York 14202

1

### I. The deposition interference by the attorney for the non-party witness was blatant, improper, and undisputed.

 This motion involves the deposition testimony of a non-party witness. By definition, the non-party has no stake in the outcome of this action. The role of a subpoenaed non-party witness in a pre-trial deposition is to appear and answer the questions truthfully. Aside from privilege or confidentiality issues, the non-party witness has no stake in the admissibility of his testimony at trial; no stake in the admissibility of documents utilized during his deposition, and, indeed, has no power to object the introduction of his testimony at trial or the admissibility of any documents referred to during his deposition.

 The attorney for the non-party witness was captured on video handing the non-party witness a pre-printed card to answer a pending question. The prepared card instructed the non-party witness not to answer the question. It is beyond question that this conduct is completely improper, constitutes explicit and blatant interference in the deposition, and is a violation of the Federal Rules of Civil Procedure. There can be and is no excuse or justification for this wrongful conduct.

 Imagine the same non-party witness testifying at trial in the courthouse and after a question is directed at the witness, the attorney for the non-party witness stood up from his seat in the public section of the courtroom, walked up to his client on the witness stand, and handed the witness an index card for him to read aloud in response to the pending question. So long as there are no privilege or confidentiality issues, there is no doubt that the Court would swiftly and without any hesitation strongly, effectively, and clearly admonish the attorney and direct him to both cease and never repeat that conduct or action.

As the Court stated in, *Detective Comics v Fawcett Publications*, 4 FRD 237, 239 (S.D.N.Y. 1944), "the stenographic record of the examination before trial of Mr. Nimis clearly shows conduct on the part of counsel which would not have been indulged in were the testimony taken before a judge or in open court; nor would it have been indulged in, and certainly if indulged in, would not have been permitted, if it occurred in the trial of the action."

The Court further stated:

> "There seems to be no reason why, therefore, counsel should conduct themselves upon an examination before trial any differently than in the trial of the case. The Rules of Civil Procedure specifically provide that objections to the competency of a witness or to the competency, relevancy or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one which might have been obviated or removed if presented at that time. Rule 32(c)."

*Id*.

Here, the reasoning is equally applicable.

**II.     There is no right to confer or pass notes and objections to competency, relevancy, or materiality are generally preserved and do not require an objection. A Direction not to Answer is Prohibited with few exceptions.**

"[T]he witness and his or her lawyer have no right to confer during questioning. Accordingly, it is not proper for the witness to confer with the defending lawyer regarding how to answer a pending question. Nor, may the defending lawyer pass notes to the witness suggesting answers to questions." Federal Rules of Civil Procedure Rules and Commentary, Gensler, 2016 Ed. p. 802.

It is well-established that:

> in general, objections to the form of the questions and other errors that can be cured if the objection is then made must be made during the deposition. In contrast, objections to competency, relevancy, or materiality are generally preserved and do not require an objection when the question is asked. In either case, however, the objection is for the record; the witness must then answer the question, and a lawyer cannot instruct the witness not to answer except as permitted by rule 30(c)(2)

Id. at 800.

"As amended, the Rule 30(c)(2) limitations apply to an instruction or objection by any person, not just a party." Wright & Miller, Federal Practice and Procedure: § 2113 Conduct of Examination, 8A Fed. Prac. & Proc. Civ. § 2113 (3d ed.) ("This is not meant to invite interjections by such people, but only to make clear that the rule applies to what they do: 'The amendment is not intended to confer new authority on nonparties to instruct witnesses to refuse to answer deposition questions. The amendment makes it clear that, whatever the legitimacy of giving such instructions, the nonparty is subject to the same limitations as parties.'")

Therefore, it is undisputed that the attorney for the non-party witness violated the Rules and well-established cases when he refused to let his witness answer questions by passing a note to his client to be read into the record.

### III. The rule 32(d) claim is a subsequent, meritless excuse created to justify unjustifiable conduct.

Nonetheless, the attorney for the non-party witness offers a long, meandering, and largely irrelevant declaration in an effort to justify and excuse his unjustifiable and inexcusable conduct.

The attorney for the non-party witness claims that his actions "arose from a good faith effort to apply Federal Rule of Civil Procedure 32(d)(3)(A); that is, raising an objection regarding a witness's competency in order to avoid waiver in and for the contemporaneous opportunity for correcting the record." Dkt. 101, Personius Decl. ¶1.

For the following reasons, this argument meritless.

First, at the deposition there was no objection raised as to the competency of the non-party witness to testify. Indeed, during the deposition and in the memorandum of law, the attorney for the non-party witness stated there was a need "to resolve the issue of the capacity in which Mr. Evans' deposition was to be taken." Dkt. 102 at 1. (emphasis supplied). At the deposition, the attorney for the non-party witness declared:

>MR. PERSONIUS: If you ask questions that in my judgment, call upon him to testify in his official capacity as president of the union, such as what his goals are for the union, yes. I will pass him that note, and he will read it. He'll answer questions, as much as he can, that deal with his recollection, but when you ask a question that's talking about what his goals are as president of the union, that goes to his official capacity as president of the union, and I don't think it's appropriate. That's what I was trying to say before, and that's why I prepared this card, because I was concerned you might get into these types of questions. You can mark it if you'd like to."

There was no objection to the competence, relevance, or materiality of testimony.

The attorney for the non-party witness admits that the use of the index card was "to enable Mr. Evans to distinguish between proper questions…" Dkt. 102 at 1. The attorney for the non-party witness decided to rule on his own objections based on his personal judgment and then refused to have the witness answer those questions that the attorney deemed to involve the "official capacity" of the witness.

"It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders." *In re Omeprazole Patent Litig.*, 227 FRD 227, 230 (S.D.N.Y. 2005) —which is what occurred here.

Second, even if an objection on the basis of "competency" had actually been made it would have been an issue of admissibility for the Court to decide at a later date, and was not appropriate since objections to competency are not waived. Indeed, the rule itself rejects this claim and states "Objection to Competence, Relevance, or Materiality. An objection to a deponent's competence—or to the competence, relevance, or materiality of testimony—**is not waived by a failure to make the objection before or during the deposition**, unless the ground for it might have been corrected at that time." Fed. R. Civ. P. 32(d)(3)(A) (emphasis added).

5

Third, there is no authority for the proposition that a non-party witness and his attorney has the right to object at a deposition on the grounds of "competency" and, in any event, as outlined above, it would be both meritless and unnecessary.

As part of his effort to shield himself from being penalized for the unjustifiable and inexcusable conduct, the attorney for the non-party witness claims he "<u>intended</u>" to inform [the non-party witness] that the examination could go forward…by noting on the record of objection to any question posed by [the examining attorney] with the understanding the objection would preserve for later determination by the Court the issue outlined above regarding the capacity in which testimony was being taken from Mr. Evans." Dkt. 101, Personius Decl. ¶¶84, 86. (emphasis supplied).

This claim clearly is an excuse subsequently created following the termination of the deposition. There was no need for the attorney to "inform" his client that "the examination can go forward." As a matter of law, all the attorney needed to do was state on the record that the deposition would go forward, and he would cease interfering by providing written answers to questions for the witness.

IV.   **The bad faith attempt to conflate a rule 30(a)(1) deposition with a rule 30(b)(6) deposition.**

Plaintiff served a non-party witness subpoena upon John Evans who is the President of the police union representing Buffalo Police Officers.

Plaintiff did not serve a subpoena upon the police union for testimony pursuant to rule 30(b)(6).

Thus, the deposition of the individual non-party witness in this case did not require any advance notice as to the matters that would be raised at the deposition. That requirement is unique to Rule 30(b)(6).

It has been stated: "A deposition under Rule 30(b)(6) differs in significant respects from the normal deposition. To begin with, the notice of deposition must 'describe with reasonable particularity the matters for examination.' An ordinary deposition notice does not, however, require such specification; the examiner is free without advance warning to inquire about anything within the scope of discovery." Wright & Miller, Federal Practice and Procedure: § 2103 Persons Subject to Examination—Corporations and Other Organizations, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.)

> Fed. R. Civ. P. 30(b)(6) is provided here for ease of reference:
>
> Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. **This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules**.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

It is well established that "the fact that rule 30(b)(6) allows a party to depose "the organization" does not preclude parties from taking depositions of particular individuals within the organization. Parties remain free to take ordinary depositions of particular individuals within the organization, that when deposed in that capacity the individuals need only testify with respect to their personal knowledge." Federal Rules of Civil Procedure Rules and Commentary, Gensler, 2016 Ed. p. 788-789. The non-party witness is required to provide answers based on his personal knowledge rather than what is "known" by the union.

7

Thus, despite by the claim by the attorney for the non-party witness, the issue is not whether he is testifying in an "official capacity" versus "individual capacity." Rather, it turns on his personal knowledge.

A witness who is subpoenaed to provide non-party testimony is subject to being questioned on any topic whatsoever that is germane to the issues in the action. It does not matter whether the individual has knowledge from his or her "official capacity", "individual capacity", or otherwise. On the other hand, an organization that is subpoenaed to give testimony pursuant to rule 30(b)(6), must present a representative with knowledge concerning topics outlined in the notice that will be binding on that organization.

The claim by the attorney for the non-party witness that he "would not be competent to provide testimony with respect to the 'subjective beliefs and opinions' of the PBA" (Dkt. 101, Personius Decl. at ¶45) and that the plaintiff "insisted on extracting testimony from him regarding the opinions or beliefs of the union" (Id. at ¶47) is both erroneous and misplaced. The specific question was the following:

> "So, regarding the firearms training, do you want to see a higher frequency so it's not just going to be once a year, that it be maybe, what do you have a number? Do you want it to be biannual, quarterly"?

Clearly, the answer is within the personal knowledge of the witness. Whether that also constitutes the "beliefs and opinions" of the union is irrelevant. The effort by the attorney for the non-party witness to infer that the testimony of the President of the union and the union itself are mutually exclusive has no authority in any statutory provision or case law.

The attempt by the attorney for the non-party witness to conflate the subpoena issued to John Evans pursuant to rule 30(a) and 45 with a 30(b)(6) organizational deposition it is simply

8

meritless and was designed to obtain advanced knowledge about the topics or questions that would be posed to his client.

Indeed, the attorney for the non-party witness admits and concedes that he embarked on an effort to obtain something he was not entitled to and then attempts to reverse the responsibility for his conduct by stating: "all of which could have been avoided if counsel for plaintiff simply extended the courtesy to a non-party witness of providing, even informally, some indication of the topic areas to be addressed during his deposition." Dkt.102 at. 1. When the attorney for the non-party witness states, "extend the courtesy", that is code—meaning "I am requesting something I am not entitled to and I want the other party to give it to me." The attorney for the non-party witness at the deposition even admitted that his inability to extract advance information as to the questions that would be asked at the deposition was the source of his irritation when he stated, "we could have avoided if you simply would have told me what subjects you were going to cover, you declined to do so" (Dkt. 92-4 at 40, lines 15-17) and later stated "…we just needed the courtesy, as a non-party, to have some understanding of what the subject matter of the deposition would be as it related to Mr. Evans, whether individually or in his official capacity. We wanted to do this in a courteous fashion, to avoid exactly the problem we are confronted with right now…" Dkt. 92-4 at 45:12-19.

The attorney for the non-party witness refused to accept that he was not entitled to that information and that plaintiff, Martin Gugino, would not be providing that information in advance of the deposition. Consequently, the attorney for the non-party witness embarked on a scheme designed to either obtain that information in advance or prevent plaintiff, Martin Gugino, from thoroughly questioning the non-party witness which culminated in the attorney creating the pre-printed cards directing the witness not to substantively answer certain questions. This is

simply an attorney for a non-party witness playing games because he did not get what he wanted—advance information on the questions and topics to be asked of his client. Having been frustrated in that effort, the attorney was petulant and, like a child, concluded that: "if I don't get what I want, you're not going to get what you want (i.e., answers to questions)".

## V.     The unjustifiable attack on the attorney for plaintiff and the need for sanctions against the non-party witness.

The attorney for the non-party witness has employed a well-worn tactic to divert attention from his inexcusable and unjustifiable conduct—attack the attorney for plaintiff.

Despite the blatant, improper, and inexcusable conduct by the attorney for the non-party witness, he makes the incredible claim "unfortunately, but for [the attorney for plaintiff] misinterpretation of the Court guidelines…there would have been no need to file the motion now pending before the Court." Dkt. 101, Personius Decl. ¶93. This claim is nonsense.

Unfortunately, but for the completely improper and unjustifiable conduct by the attorney for the non-party witness, there would have been no need to file the motion. The deposition obstruction by the attorney for the non-party witness, his instruction for the witness not to answer the question, his premeditated decision to obstruct the deposition because he did not get something that he was not entitled to constitutes wrongful conduct for which he should be sanctioned.

Moreover, the attorney for plaintiff, Martin Gugino, did not prevent or physically restrain the attorney for the non-party witness from speaking with his client. Instead, the attorney for Martin Gugino simply objected to him doing so because of the guidelines issued by the magistrate judge presiding in this case. The attorney could have simply stated in words or substance "you may object but I am going to consult with my client in any event."

The attorney clearly understood that his conduct was improper, unjustifiable, and subject to sanctions. Once the attorney for the non-party witness engaged in the inexcusable and unjustifiable obstruction of the questioning of the witness and was called out on it by the attorney for plaintiff, the attorney for the non-party witness embarked on an explicit effort to create an excuse for his misconduct. The attorney thought he could get away with providing a cue card to his client to read where he would essentially give non-answers to questions.

Therefore, several hours later at the end of the business he backtracked and sent an email to rewrite the history of what occurred. His conduct is sanctionable and that is the basis for the pending motion. The attorney needs to be taught a lesson and the lesson is: do not interfere when your non-party witness/client is being questioned at a deposition by providing cue cards which then renders the question and answer meaningless.

Here is the crux of the motion for sanctions against the attorney for the non-party witness. He truly believed he could do whatever he wanted and obstruct the deposition; he would get away with it; and he would not be penalized for doing so. If the Court declines to sanction him, he will be empowered and continue to engage in the same or similar obstruction in this and other cases.

DATED:  January 31, 2024             s/ Richard P. Weisbeck, Jr.
                                     LIPSITZ GREEN SCIME CAMBRIA, LLP
                                     Attorneys for Plaintiff
                                     42 Delaware Avenue, Suite 120
                                     Buffalo, New York 14202
                                     Tel: 716-849-1333 x348
                                     rweisbeck@lglaw.com