UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARTIN GUGINO, | **DECLARATION OF COUNSEL OPPOSING ASSESSMENT OF COSTS AND IMPOSITION OF SANCTIONS** |
| Plaintiff, | |
| v. | Civ. No. 21-CV-283-LJV-LGF |
| CITY OF BUFFALO, *et al.*, | |
| Defendants. | |

_____

RODNEY O. PERSONIUS, Esq., declares pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct:

1. I represent third-party deposition witness John Evans, President of the Buffalo Police Benevolent Association, who was deposed in connection with the above-captioned action by counsel for plaintiff on January 12, 2024.

2. This Declaration is prepared pursuant to the Court's directive (Decision and Order [Doc. 112]) to show cause why the attorney fees incurred in connection with this deposition and in moving to compel should not be awarded to plaintiff.

3. As detailed below and in a separately filed Memorandum of Law, there are three separate reasons why neither costs nor sanctions should be assessed pursuant to Federal Rule of Civil Procedure ("Rule") 37(a)(5)(A). First, the motion to compel was filed before attempting in good faith to agree upon a protocol for continuing the examination of third-party witness Evans and is otherwise not accompanied by a certification that any such good faith attempt to confer was ever undertaken as required by Rule 37(a)(1). Second, Declarant's objection to a question posed

to Mr. Evans by counsel for plaintiff was "substantially justified," as that term is used in Rule 37. Lastly, other circumstances make an award of expenses unjust.

4. Declarant originally became involved in this matter in mid-August 2021 at the request of Union President Evans and former counsel for the union.

5. The focal point of the representation concerned a third-party deposition subpoena issued pursuant to Rule 45 directed to "PRESIDENT JOHN EVANS, BUFFALO POLICE BENEVOLENT ASSOCIATION." A copy of this subpoena is annexed as **Exhibit A**.

6. Due to the manner in which the subpoena is addressed to Mr. Evans, the fact the language of the subpoena alternatively refers to the party being subpoenaed to testify as an organization and to "your representatives" in the portion of the subpoena referring to the production of records, and the fact the description of those records in Exhibit A to the subpoena all refer to documents of the union, Declarant understood that Mr. Evans was being subpoenaed in his official, as opposed to individual, capacity as President of the union.

7. During initial communications in August 2021 with counsel for plaintiff regarding compliance with the subpoena, the position was taken by counsel that the time to produce records had expired, despite the fact the designated date in the subpoena for providing testimony, September 1, 2021, had not yet passed.

8. As reflected in emails and correspondence annexed to the previously filed Response Declaration of Counsel (Non-Party Witness J. Evans) (Doc. 101), Exhibits A-D, efforts to communicate with counsel for plaintiff presented challenges.

9. The examination of Mr. Evans on the date identified in the subpoena, September 1, 2021, did not occur as counsel for plaintiff had been timely informed by Declarant that this date needed to be rescheduled due to a long planned family vacation.

10. Instead of accommodating this request, counsel for plaintiff sent a letter to Declarant dated September 2, 2021, during Declarant's vacation, which stated that a motion for "penalties" would be filed based upon the fact the deposition of Mr. Evans did not occur on September 1, 2021. *Id.* Exhibit B.

11. No such motion was ever filed.

12. Thereafter, a fulsome document production on behalf of the union in response to the subpoena was made and delivered to counsel for plaintiff under cover of a letter dated September 17, 2021. *Id*. Exhibit D.

13. Despite refusing in August 2021 to extend the deadline for producing documents or reschedule the date for the Evans deposition, counsel for plaintiff did not again communicate with Declarant regarding this matter for a period of approximately 27 months.

14. It was not until an email from plaintiff's counsel on December 7, 2023 that any attempt was made to reschedule the deposition of Mr. Evans. Over the course of the next month, through an exchange of emails, an effort was made by Declarant to determine if Mr. Evans was being subpoenaed in his official capacity as representative of the union or, alternatively, in his individual capacity. Copies of the emails exchanged between Declarant and counsel for plaintiff between December 7, 2023 and January 10, 2024 are annexed as **Exhibit B**.

15. The position taken by counsel for plaintiff was that Mr. Evans would be examined in his individual capacity.

16. Based upon this advice, Declarant undertook research for the purpose of determining if case precedent recognizes a distinction with respect to the permissible scope of examination of a witness testifying as an individual as compared to as the designee of an organization.

17. Although no authority on this subject was identified within the Second Circuit, case precedent was located in the Middle District of North Carolina, specifically *United States v. J. M. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996).

18. As explained more fully in the accompanying Memorandum of Law, this opinion includes a specific explanation of the difference in the scope of testimony that is to be provided by an individual when testifying as a designee of an organization as compared to in that individual's personal capacity.

19. It was in reliance upon the following statement in this opinion that Declarant determined Mr. Evans, individually, would be restricted with respect to testimony he could offer with respect to the union: "[T]he Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's 'position' on the topic. (Citations.) Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. (Citation.) The corporation must provide an interpretation of documents and events. (Citation.) The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition." 166 F.R.D. 356, 361.

20. Declarant understood this distinction as presenting a question of Mr. Evans' competency as a witness.

21. Objections as to competency in the deposition context are governed by Rule 32(d)(3)(A), which addresses Objection to Competence, Relevance, or Materiality.

22. While this subdivision generally provides that objections directed to competence are not waived if not asserted at the time of the deposition testimony, the closing clause states an exception: "unless the ground for it might have been corrected at that time."

4

23. *Cordle v. Allied Chemical Corp.*, 309 F.2d 821 (6th Cir. 1962), provides an illustration of an instance where a failure to object under the former version of Rule 32(d)(3)(A) had resulted in otherwise inadmissible testimony being received at a trial.

24. The facts in *Cordle* disclose that the deposition testimony of a medical expert had been read into the record at trial. The witness had, without objection, testified when deposed to subjective statements on the part of the plaintiff regarding symptoms and complaints that were then relied upon by the medical expert in rendering his opinion.

25. In the *Cordle* decision, the Sixth Circuit found that the failure to object at the medical expert's deposition waived the ability to object at trial. 309 F. 2d 821, 825-826.

26. Guided by this research, Declarant concluded that, at the examination of Mr. Evans, a proper basis would exist for objecting on competency grounds to questions directed to him that sought information regarding the opinions and beliefs of the police union.

27. Declarant erred, however, in not again reviewing the Court's <u>Deposition Guidelines</u> immediately prior to the Evans deposition.

28. Had this step been taken, Declarant would have recognized that raising a competency objection in the midst of Mr. Evans' examination by providing the witness with a typed note card would be contrary to these guidelines.

29. Declarant's dereliction in not reviewing the Court's guidelines was due to unintentional oversight.

30. Included with this Declaration is a full copy of the transcript of the January 12, 2024 examination of Mr. Evans, which is annexed as **Exhibit C**. As set forth in the separately filed Memorandum of Law, portions of this transcript are directly relevant to the issue of whether or not costs should be assessed or sanctions imposed by the Court.

31. As that transcript shows, the examination of Mr. Evans was terminated before completion because counsel for plaintiff declined to immediately contact the Court when the issue forming the basis for motion practice was raised or to permit Declarant to privately propose to the witness a means for moving forward with the examination on January 12th.

32. As well, on the day after the deposition, and prior to the filing of plaintiff's motion to compel and for sanctions, an email was prepared by Declarant and sent to plaintiff's counsel which confirmed that Mr. Evans agreed to Declarant's proposed protocol of stating an objection on the record for later judicial determination after completion of the examination. A copy of this email to counsel for plaintiff, sent on January 12, 2024 at 4:30 PM, is annexed as **Exhibit D**.

33. Annexed as **Exhibit E** is a record of the filing of plaintiff's motion, showing that it was not filed until approximately two hours later at 6:21 PM on January 12, 2024.

34. This email presented counsel for plaintiff with a third opportunity to complete the Evans deposition without the need for motion practice.

35. In the separately filed Memorandum of Law, additional arguments pursuant to Rule 37(a)(5)(A)(ii) and (iii) are set forth in support of denying counsel for plaintiff's motion for costs or sanctions.

**WHEREFORE** Declarant respectfully requests that, upon consideration of this Declaration, the exhibits that are appended, and the separately filed Memorandum of Law, the Court find that the assessment of costs or imposition of a monetary sanction is not warranted in this matter.

Dated: Buffalo, New York
      June 24, 2024.

                                              **/s/ Rodney O. Personius**
Rodney O. Personius, Esq.
PERSONIUS MELBER LLP
*Attorneys for John Evans*
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716)  855-1050
rop@personiusmelber.com