UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

---

MARTIN GUGINO,

       Plaintiff,

vs.

CITY OF BUFFALO,
MAYOR BYRON BROWN,
POLICE OFFICER ROBERT McCABE,
POLICE OFFICER AARON TORGALSKI,
POLICE OFFICER JOHN LOSI,
POLICE COMMISSIONER BRYON C. LOCKWOOD,
DEPUTY POLICE COMMISSIONER JOSEPH GRAMAGLIA,

       Defendants.

**REPLY**

Civil Case No.: 21-CV-00283V(F)

---

  Lawyers don't get to rule on their own objections, speaking or written. Under Rule 30(c), depositions generally are to be conducted under the same testimonial rules as are trials. This is true is open court or a conference room. If you can't pass an index card to a witness on the stand, then you can't do it in a deposition. Passing an index card to a witness containing a pre-scripted answer that a lawyer instructs a witness to read, is an egregious example of a lawyer behaving badly.

  The federals rules of evidence and model rules of conduct were precisely designed to prevent this bad behavior.

  ABA Model Rules of Professional Conduct, 3.4 (a) states:

  A lawyer shall not:

1

>   (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act.
>   ABA Model Rules of Professional Conduct 3.4 (a). As the comment states, "Fair

competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like." Id. at Comment 1.

Once a deposition starts, a lawyer is not an intermediary interpreting questions or deciding what questions a witness can answer. See *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa 1993). As this Court noted: "By passing this note to the Rule 30(b)(6) designee, as well as by making various speaking objections and statements, Mr. Andrews unduly interfered with the deposition, unreasonably prolonged the deposition, and prejudiced Plaintiff by frustrating the fair examination of the deponent." *Mealy v Gautreaux*, CV 16-716-JWD-RLB, 2019 WL 3216516, at *6 (MD La July 16, 2019). See also, *Ngai v Old Navy*, CIV.A. 07-5653KSHPS, 2009 WL 2391282, at *4 (DNJ July 31, 2009). In *Ngai*, the Court explained that an attorney passing notes to his client, albeit in an electronic form, while she testified was improper behavior that would never be permitted at trial.

The nature of the deposition is irrelevant since counsel cannot step in and answer for a witness during a Rule 30(b)(6) deposition or any other deposition, and a finding of bad faith is not required since Rule 30(d)(2) authorizes courts to impose appropriate sanctions on any person who <u>impedes, delays, or frustrates</u> the fair examination of the deponent. See, *Medline Indus., Inc. v Wypetech, LLC*, 20 CV 4424, 2020 WL 6343089, at *4 (ND Ill Oct. 29, 2020) ("If a designated corporate representative lacks knowledge to answer a question during a Rule 30(b)(6) deposition, then the corporate entity must designate an additional witness with knowledge. Counsel for the

corporate party cannot step in to fill a witness's head with knowledge that is otherwise lacking.") (internal citations omitted).

Indeed, "Rule 30(b)(6) does not limit what can be asked at deposition. Since there is no specific limitation of what can be asked at deposition, the general deposition standards govern. The reason for adopting Rule 30(b)(6) was not to provide greater notice or protections to corporate deponents, but rather to have the right person present at deposition.

The Rule is not one of limitation but rather of specification within the broad parameters of the discovery rules." *King v Pratt & Whitney, a Div. of United Tech. Corp.*, 161 FRD 475, 476 (SD Fla 1995), affd sub nom. *King v Pratt & Whitney*, 213 F3d 646 (11th Cir. 2000), and affd sub nom. *King v Pratt & Whitney*, 213 F3d 647 (11th Cir. 2000).

Plaintiff now turns to the four main claims offered by the non-party pursuant to the Court's directive to show cause why the attorney fees incurred in connection with this deposition and in moving to compel should not be awarded to plaintiff.

Since the claims were largely previously addressed by both parties in prior motion papers submitted to this Court, plaintiff will be succinct.

Regarding the first point, on the issue of conferral. The parties conferred on the record about the need for the instant motion, and plaintiff offered the non-party an opportunity to proceed on the record and follow the Foschio rules so as to avoid the instant motion. The non-party declined to do so and said "If you interpret those that way, then fine. Go ahead and file your motion." See Dkt. 92-4 at 43-51. Thus, any claims by the non-party that the plaintiff failed to confer in advance of the instant motion are wholly unsupported.

Regarding the second point, on the issue of this Court's authority to impose sanctions, it is well established that "trial courts have ample authority pursuant to Fed. R. Civ. P. 30(d)(2) to impose sanctions 'on a person who impedes, delays, or frustrates the fair examination of the deponent.' The rule itself spells out no specific procedure, but the procedure the district court followed at the request of both counsel is standard: counsel suspended the deposition to bring the issue to the court, and the court heard arguments from both counsel, took testimony and evidence as reasonably proffered, and later issued a decision imposing monetary sanctions." *Ryan v Astra Tech, Inc.*, 772 F3d 50, 56 (1st Cir. 2014).

Regarding the third point, the improper objection was not "substantially justified" and a close read of the cases offered in support of the non-party's claim support plaintiff for the simple reason that it is well-established that a witness at a deposition is required to provide testimony, subject to an objection based on privilege or misconduct by the deposing party, see Fed. R. Civ. P. 30(c)(2). See, *Scott-Iverson v Ind. Health Assn., Inc.*, 13-CV-451V(F), 2016 WL 1458239, at *3 (WDNY Apr. 14, 2016). Thus, there is no objectively reasonable basis for the obstruction.

Instructive here is *Parsi v Daioleslam*, 778 F3d 116, 127 (DC Cir. 2015), the case cited in *Austin Air Sys., Ltd. v Sager Elec. Supply Co., Inc*. As the DC Circuit explained in *Parsi v Daioleslam,* "[r]easonable people cannot differ about whether a party is entitled to withhold relevant documents without articulating any claim of privilege." *Id*. Similarly, here reasonable people cannot differ about whether a party a witness at a deposition is required to provide testimony, subject to an objection based on privilege or misconduct by the deposing party. See, Fed.R.Civ.P. 30(c)(2).

Finally, turning to the fourth point, the non-party borrows a page from the bully who blames the victim, and speciously claims that the "comparative conduct" of plaintiff's counsel in

"physically invading the undersigned's professional materials to seize a second note card without permission." First, as a young 5'0" woman standing across a large conference table with the court reporter, videographer, and counsel for the City defendant's present, in no way did plaintiff's counsel invade the personal space of the non-party or his counsel. In reality, the note-cards were on the table and in open reach of counsel, who passed the card to the reporter to be marked.

As the video exchange reveals, the tone of plaintiff's counsel was calm while the tone of Mr. Personius was aggressive, belittling, and likely meant to intimidate counsel. See the previously marked Ex. A at 10:48-11:13; 11:13-11:19; and 11:21-11:24, which is the video recording of the deposition.

DATED this 9th day of July 2024

/s/ Melissa D. Wischerath

LIPSITZ GREEN SCIME CAMBRIA, LLP
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Tel: 716-849-1333 x348