UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARTIN GUGINO,<br><br>                       Plaintiff,<br>    v.<br><br>CITY OF BUFFALO,<br>MAYOR BYRON BROWN,<br>ROBERT McCABE,<br>AARON TORGALSKI,<br>JOHN LOSI,<br>BYRON C. LOCKWOOD,<br>DEPUTY POLICE COMMISSIONER<br>  JOSEPH GRAMAGLIA,<br><br>                       Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>**21-CV-283-LJV-LGF** |

_____

APPEARANCES:                  LIPSITZ GREEN SCIME CAMBRIA LLP
                                     Attorneys for Plaintiff
                                      RICHARD P. WEISBECK, JR.,
                                      MELISSA D. WISCHERATH, and
                                      ROBERT MacWILLIAMS CORP, of Counsel
                                      42 Delaware Avenue, Suite 120
                                      Buffalo, New York  14202

                                      PERSONIUS MELPER LLP
                                      Attorneys for Non-party Witness John Evans
                                      RODNEY O. PERSONIUS, of Counsel
                                      2100 Main Place Tower
                                      350 Main Street
                                      Buffalo, New York  14202

      This action was referred to the undersigned by Hon. Lawrence J. Vilardo on

March 22, 2021 (Dkt. 6), for non-dispositive pretrial motions.  The matter is presently

before the court for consideration of the response of non-party witness John Evans (Dkt.

114 & 115) to this court's order to show cause why Plaintiff's attorney fees incurred in

connection with Plaintiff's deposition of Evans, and Plaintiff's successful motion to compel further deposition of Evans (Dkt. 92) should not be awarded to Plaintiff.  The order to show cause was included in the undersigned's May 30, 2024 Decision and Order (Dkt. 112 at 36-37) ("D&O").

In this civil rights action commenced on February 22, 2021, Plaintiff Martin Gugino ("Plaintiff"), alleges Defendants including, *inter alia*, members of the City of Buffalo Department of Police violated Plaintiff's constitutional rights by subjecting Plaintiff to unnecessary physical force, putatively because Plaintiff remained present at a protest in violation of a recently imposed curfew, sustaining a fractured skull.  In connection with this action, on January 12, 2021, Plaintiff deposed non-party witness John Evans ("Evans"), President of the Buffalo Police Benevolent Association ("PBA") ("the deposition").  Appearing at the deposition for Plaintiff was Melissa D. Wischerath, Esq. ("Wischerath"), with Rodney O. Personius ("Personius") appearing with Evans. Prior to the deposition, Personius and Wischerath exchanged e-mails ("the e-mails") clarifying that Evans was to be deposed in his individual capacity rather than as President of the PBA.  During the deposition, Personius passed to Evans a typewritten note instructing Evans to deny having authority to answer a deposition question. Another typewritten note that was not passed to Evans instructed Evans to deny having knowledge of the subject of a question.  Personius maintained he would not have needed the notes had Wischerath complied with Personius's requests in the e-mails that Wischerath identify the subjects on which Wischerath intended to depose Evans. The deposition was then suspended to permit Wischerath to obtain the court's guidance as to how to proceed.

On January 12, 2024, Plaintiff moved for sanctions and to compel Evans's continued deposition uninterrupted or influenced by outside direction from Personius, including the passing of any notes instructing Evans not to respond to any specific questions (Dkt. 92).  The undersigned found the passing of notes during the deposition was designed to limit Evans's responses which is prohibited by case law, the Local Rules of Civil Procedure for the Western District of New York, and the undersigned's Deposition Guidelines,[1] granted Plaintiff's motion and directed Evans and his attorney, Rodney O. Personius, Esq. ("Personius"), to show cause why Plaintiff's attorney fees incurred in connection with the deposition and in successfully moving to compel further deposition of Evans should not be awarded to Plaintiff.  D&O at 35-37.  On June 24, 2024, Evans and Personius filed the Declaration of Counsel Opposing Assessment of Costs and Imposition of Sanctions (Dkt. 114) ("Personius Declaration"), attaching a volume of exhibits (Dkt. 114-1) A through E ("Evans's Exh(s). __"), and the Memorandum of Law Opposing Imposition of Costs or Sanctions (Dkt. 115) ("Evans's Memorandum").  On July 9, 2024, Plaintiff filed a Reply (Dkt. 116) ("Plaintiff's Reply"). The circumstances surrounding Plaintiff's termination of the deposition establish Plaintiff is entitled to an award of attorney fees based on Personius's admitted interference with the deposition.

Under Rule 30(c)(2) objections to deposition questions are to be stated concisely and in a non-argumentative manner, and a deponent may not be advised not to answer a question except in order to preserve a privilege, enforce a court imposed limitation, or

---

[1] A copy of the Deposition Guidelines is filed as an attachment to the undersigned's May 28, 2021 Amended Case Management Order (Dkt. 21).

to seek judicial relief pursuant to Rule 30(d)(3). [2]  Further, under this court's Deposition Guidelines, which were "So Ordered," and are thus enforceable in accordance with Fed.R.Civ.P. 16(f)(1)(C) (court may order sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(A)(ii-vii) for violation of a pretrial order); *see Kyntec Corporation v. ITT Enidine, Inc.*, 2016 WL 1611358, at *4 (W.D.N.Y. April 21, 2016) (attorney fees awarded against defendant's counsel for violation, by filing motion to dismiss, of pretrial order directing a stay of proceedings pending completion of patent reexamination without court approval) (citing caselaw), counsel are prohibited from making objections suggestive of a response by a witness (Guideline No. 4), and neither a witness nor the witness's attorney shall engage in argument with examining counsel regarding a question; instead the witness's attorney is required to state an objection succinctly on the record and allow the witness to answer (Guideline No. 11).  Additionally, the Deposition Guidelines may be enforced by imposition of a fine. *See Scott-Iverson v. Indep. Health Ass'n, Inc.*, 2017 WL 35453, at *5 (W.D.N.Y. Jan. 4, 2017) (citing *Jones v. J.C. Penney Dept. Stores, Inc.*, 228 F.R.D. 190, 198 (W.D.N.Y. 2005) (plaintiff's attorney subject to fine for violating court's Deposition Guidelines and Rule 30(d)(1) (renumbered Rule 30(c)(2))). Significantly, in the instant case, Evans and Personius do not contest that the conduct Plaintiff points to in the record occurred, nor that such conduct violated Rule 30(c)(2).

"The court may impose an appropriate sanction - - including the reasonable expenses and attorney's fees incurred by any party - - on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed.R.Civ.P. 30(d)(2).  In awarding such expenses, Fed.R.Civ.P. 37(a)(5) ("Rule 37__") applies.  Fed.R.Civ.P.

---

[2] Fed.R.Civ.P. 30(d)(3) pertains to a motion to terminate or limit a deposition "conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

30(d)(3)(C).  An award of sanctions including, at a minimum, reasonable attorney's fees incurred in prosecuting a motion to compel, is mandated by Rule 37(a)(5)(A) unless the failure of the responding party to provide discovery was substantially justified or an award of attorney's fees would, under the circumstances, be unjust.  *Underdog Trucking LLC v. Verizon Services Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (citing Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii)) ("Rule 37(a)___").  "A party's failure to provide discovery is substantially justified if a genuine dispute exists or if there is an objectively reasonable basis for the failure," *Rosehoff, Ltd. v. Truscott Terrace Holdings LLC*, 2016 WL 2640351, at *4 (W.D.N.Y. May 10, 2016) (citing *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015) (citing caselaw)), such as where the refusal to provide discovery has a reasonable basis in fact or law.  *See Scott-Iverson v. Independent Health Association*, 2017 WL 759843, at * 2 (W.D.N.Y. Feb. 28, 2017) (a party's failure to provide discovery may be substantially justified where a genuine dispute exists, there is an objectively reasonable basis for the failure, or the failure was based on factors beyond the requested party's control).  Further, as the test for substantial justification is "determined by an 'objective standard of reasonableness and does not require that the party have acted in good faith,'" *Underdog Trucking, L.L.C.*, 273 F.R.D. at 377 (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))), that a party believed it was acting in good faith is irrelevant.  *See* Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2016 Thomson Reuters) at 970 ("Good faith generally does not equate to substantial justification; the losing party [on the motion to compel] must demonstrate some unsettled issue of law or like circumstance." (citing *Pierce*, 487 at

5

565; *Parsi*, 778 F.3d at 126-27) (underlining and bracketed material added)).  In the instant case, the record supports a finding that Personius's interference with Plaintiff's deposition of Evans was not substantially justified, nor would an award of attorney's fees be otherwise unjust.

In particular, in the final e-mail exchanged between Personius and Wischerath on January 10, 2024, Wischerath stated Evans would be deposed "as an individual and not as a representative of the PBA."  Dkt. 114-1 at 6-15.  Nevertheless, during the deposition, Personius passed to Evans a note, typed onto a 3" X 5" index card ("the first index card"), stating, "I do not have the authority in my individual capacity to respond to your question."  Evans Dep. Tr.[3] at 38.  Typewritten on a second index card that was not passed to Evans by Personius was, "I have no personal knowledge regarding this subject."  Evans Dep. Tr. at 51.  Personius stated that he intended to hand the notes to Evans whenever Evans was asked a question that Personius considered was outside the scope of Evans's personal knowledge because Evans's deposition was limited to questions in his individual capacity, rather than seeking Evans's opinions, beliefs and concerns as Buffalo PBA president.  Evans Dep. Tr. at 38-40.  Personius further stated that the index cards would not have been needed if Wischerath had complied with Personius's earlier request to identify the subjects Wischerath intended to cover at the deposition.  *Id*. at 41.  Here, the court finds Personius, by passing a note to Evans essentially directing Evans not to answer a question, was not substantially justified; instead of interfering with and attempting to direct Evans's answer, Personius could have, as provided for by the undersigned's deposition guidelines, instructed Evans to

---

[3] References to "Evans Dep. Tr." are to pages of the January 12, 2024 deposition of Evans, a copy of which is included in Dkt. 114-1 at 16-78.

request Wischerath clarify that her questions sought Evans's responses as an individual, rather than as President of the PBA.  *See* Guideline No. 1.  Rather than argue with Wischerath, Personius could have stated his objection for the record and sought appropriate relief after completing the deposition.  Guideline No. 10.  Personius also, if unclear whether a question sought Evans's response in his individual capacity or as PBA President, could have requested Wischerath to rephrase the question in accordance with Guideline No. 11.  Given these options, Personius was not substantially justified in passing a note directing Evans not answer any question that Personius believed was improperly phrased as seeking to elicit an answer in Evans's capacity as PBA President.

   Nor does Personius's averment that he was "derelict" in failing to review the Deposition Guidelines prior to the deposition, Personius Declaration ¶¶ 27-29, substantially justify the passing of a note to Evans.  Significantly, even without the Deposition Guidelines, it is basic that during a deposition no attorney is permitted to instruct or direct a witness how to answer questions other than to assert a privilege.  *See* Fed.R.Civ.P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)"); *Gould Inv'rs, L.P. v. Gen. Ins. Co. of Trieste & Venice*, 133 F.R.D. 103, 104 (S.D.N.Y. 1990) ("Absent a claim of privilege, instructions not to answer questions at a deposition are improper.") (citing *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling, Div. of Equifax Servs., Inc.*, 120 F.R.D. 504, 508 (W.D. La. 1988)).  Here, Evans and Personius fail to identify any privilege sought to be preserved by refusing to answer a deposition question.  Accordingly, Personius's argument that he

neglected to read the Deposition Guidelines does not provide the requisite substantial justification for his conduct.

Nor is there any merit to Personius's argument, Evans's Memorandum at 13-14; Personius Declaration ¶¶ 31-34, that Wischerath improperly terminated the deposition without first seeking advice from the undersigned or permitting Personius to privately consult with Evans to propose a means for moving forward with the deposition, which Personius later memorialized in an e-mail to Wischerath sent two hours before Wischerath filed the instant motion.  Rather, a fair reading of the deposition transcript establishes that Personius agreed that Wischerath would file the instant motion, adding that Personius was "happy to respond to it on the basis of the record." Dkt. 114-1 at 47.

Accordingly, Plaintiff's request for sanctions is GRANTED.  Further, because the record does not establish that Evans bears any responsibility for his discontinued deposition based on the passing of the notes by Personius, the costs to be awarded shall be subject to payment by Personius only.  Plaintiff shall file <u>not later than 20 days</u> from the date of this Decision and Order an affidavit of costs, including attorney fees, incurred in connection with the discontinued deposition and in moving to compel Evans's continued deposition.  Any response by Personius shall be filed <u>within 10 days</u> thereafter; Plaintiff's reply shall be filed <u>within 5 days</u> thereafter.  Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:   September 26, 2024
         Buffalo, New York