UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARTIN GUGINO, | **DECISION** |
| | **and** |
| Plaintiff, | **ORDER** |
| v. | |
| | 21-CV-00283-LJV-LGF |
| CITY OF BUFFALO, | |
| MAYOR BYRON BROWN, | |
| ROBERT McCABE, | |
| AARON TORGALSKI, | |
| JOHN LOSI, | |
| BYRON C. LOCKWOOD, and | |
| DEPUTY POLICE COMMISSIONER | |
|  JOSEPH GRAMAGLIA, | |
| | |
| Defendants. | |

_____

APPEARANCES:    LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Plaintiff
RICHARD P. WEISBECK, JR.,
MELISSA D. WISCHERATH, and
ROBERT MacWILLIAMS CORP, of Counsel
42 Delaware Avenue
Suite 120
Buffalo, New York  14202

PERSONIUS MELBER LLP
Attorneys for Non-party Witness John Evans
RODNEY O. PERSONIUS, and
JOSEPH M. GUERRA, III, of Counsel
2100 Main Place Tower
350 Main Street
Buffalo, New York  14202

In this civil rights action commenced on February 22, 2021, Plaintiff Martin Gugino ("Plaintiff" or "Gugino"), alleges Defendants, including the City of Buffalo ("the City"), and various City officials and members of the City of Buffalo Police Department, violated Plaintiff's constitutional rights by subjecting Plaintiff to unnecessary physical

force after Plaintiff remained present at a protest in violation of a recently imposed curfew, causing Plaintiff to sustain a fractured skull ("the incident").  In connection with this action, at 10:09 A.M. on January 12, 2021, Plaintiff deposed non-party witness John Evans ("Evans"), President of the Buffalo Police Benevolent Association ("PBA") ("the deposition").  Appearing at the deposition were Plaintiff's counsel, Melissa D. Wischerath ("Wischerath"), with Rodney O. Personius ("Personius"), appearing with Evans.  Although prior to the deposition, Personius and Wischerath exchanged e-mails ("the e-mails") clarifying that Evans was to be deposed in his individual capacity, rather than as PBA President, during the deposition, Personius passed to Evans a typewritten note instructing Evans to deny having authority to answer a deposition question asked by Wischerath.  Another typewritten note which Personius did not pass to Evans instructed Evans to deny knowledge of the subject matter of a question.  At 11:24 A.M., the deposition was suspended to permit Wischerath to obtain the court's guidance as to how to proceed ("the terminated deposition").

On January 12, 2024, Plaintiff filed a motion (Dkt. 92) ("Plaintiff's motion") seeking sanctions in connection with the terminated deposition and to compel Evans's continued deposition and denying Personius the use of notes to Evans.  In a Decision and Order filed May 30, 2024 (Dkt. 112) ("May 30, 2024 D&O"), the court, *inter alia*, granted Plaintiff's motion and directed Personius and Evans to show cause by June 24, 2024, why Plaintiff should not be awarded as a sanction the attorney fees Plaintiff incurred in connection with the terminated deposition and in successfully moving to compel Evans's continued deposition.  May 30, 2024 D&O at 37 ("OTSC"). Accordingly, on June 24, 2024, Personius and Evans filed papers responding to the OTSC.  In a

2

Decision and Order filed September 26, 2024 (Dkt. 121) ("September 26, 2024 D&O"), the court determined that Personius alone was responsible for the terminated deposition and granted pursuant to Fed.R.Civ.P. 30(d)(2), Plaintiff's request for attorney fees against Personius, and directed Plaintiff to file an application in support of the expenses, including attorney fees and costs, incurred in connection with the terminated deposition and in moving to compel Evans's continued deposition, within 20 days, with Personius given 10 days to file a response, after which Plaintiff had five days to file any reply. September 26, 2024 D&O at 8.

      On October 16, 2024, Plaintiff filed the fee application including the Declaration of Melissa D. Wischerath[, Esq.][1] (Dkt. 122) ("Plaintiff's Fee Application"), attaching exhibits A through C (Dkts. 122-1 through 122-3) ("Plaintiff's Exh(s). __").  Plaintiff's Fee Application seeks $916.40 in costs, Plaintiff's Exhs. A and B, and $ 17,617.50 in attorney fees as described in a time record, Plaintiff's Exh. C ("time record"), for a total award of $ 18,533.90.  On October 25, 2024, Personius moved for an extension of time to seek review by District Judge Lawrence J. Vilardo of the September 26, 2024 D&O which Personius asserted he did not receive until October 16, 2024.  (Dkt. 123) ("Personius's Motion for Extension").  On October 28, 2024, without Judge Vilardo having acted on Personius's Motion for Extension, Personius filed the Declaration of Counsel [Joseph M. Guerra, III, Esq.] in Response to Plaintiff's Declaration of Costs (Dkt. 124) ("Guerra Declaration").  On November 4, 2024, Plaintiff filed in further support of Plaintiff's Fee Application, the Reply (Dkt. 125) ("Plaintiff's Reply").  In a Text Order entered November 6, 2024 (Dkt. 126) ("Text Order"), Judge Vilardo granted Personius's

---

[1] Unless otherwise indicated, bracketed material has been added.

Motion for Extension, directing that any objections to the September 26, 2024 D&O were to be filed within 14 days of the undersigned's determination of Plaintiff's Fee Application.  On November 8, 2024, Personius moved for leave to file a sur-reply (Dkt. 127), which was granted by Text Order entered on November 14, 2024, and Personius filed that same day the Sur-Reply to Plaintiff's Declaration of Costs (Dkt. 129) ("Personius's Sur-Reply").  Oral argument was deemed unnecessary.

"[I]n determining a fee award, the typical [starting] point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (quoting *Healy v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (quoting *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "In calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed."  *Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (citing *Hensely*, 461 U.S. at 433).  "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'"  *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984), and citing *Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058-59 (2d Cir.1989)).  "[O]nly those hours "reasonably expended" are to be awarded.  *Id*. (quoting *Hensley,* 461 U.S. at 434–35).  Attorney fees awarded as a sanction are not intended to provide the prevailing party with a windfall, but "merely to compensate [ ] for additional expenses incurred on this single discovery matter."  *Matteo v. Kohl's Dept.*

4

*Stores, Inc.*, 2012 WL 5177491, at *7 (S.D.N.Y. Oct. 19, 2021).  Further, courts often employ an across-the-board reduction in hours to "trim the fat."  *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund,* 450 F.3d 91, 96 (2d Cir.2006) ("A district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'") (quoting *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir.1998)) (further internal quotation).

Initially, the court addresses Personius's argument that the imposition of sanctions was not required, Guerra Declaration ¶¶ 5-6, and that the award of sanctions was not appropriate based on either Fed.R.Civ.P. 16(f)(1)(C) ("Rule 16(f)(1)(C)"), or 30(d)(2) ("Rule 30(d)(2)").  *Id*. ¶ 7.  As relevant here, Rule 16(f)(1)(C) provides that sanctions may be awarded to any party or the party's attorney who fails to obey a scheduling order or other pretrial order.  Personius argues that the only order at issue here is the Amended Case Management Order filed May 28, 2021 ("Scheduling Order") (Dkt. 21) attached to which were the undersigned's Guidelines for Discovery Depositions ("Deposition Guidelines"), which also reference the potential for sanctions to be imposed pursuant to Rule 16(f) based on a party's or attorney's non-compliance.  Guerra Declaration ¶ 8 (citing Dkt. 21 at 4-5).  According to Personius, because the Scheduling Order was directed to the parties and their counsel, Personius was not subject to the Scheduling Order.  *Id*. ¶ 9.

During the terminated deposition Personius was provided with a copy of the Deposition Guidelines to review, Deposition Tr.[2] at 43-44, and Personius admitted he was "fully aware what Magistrate Judge Foschio's guidelines for discovery depositions

---

[2] References to "Deposition Tr." are to the pages of the transcript of the terminated deposition, which is filed in the record in as Exhibit C to Plaintiff's Motion (Dkt. 92-4).

5

[*sic*], they've been in effect for decades." *Id*. at 45.  The court, however, need not decide whether there is any merit to Personius's argument that because the Deposition Guidelines are technically not an order, he is not subject to sanctions pursuant to Rule 16(f), because the court's discussion regarding Personius's familiarity and violation of the Deposition Guidelines, September 26, 2024 at 6-7, was an alternative to the initial determination that Personius violated Rule 30(d)(2) ("Rule 30__"), which applies to both party and non-party depositions.³  *Id*. at 4-5.   *See* Fed.R.Civ.P. 30(a)(1) ("A party may, by oral questions, depose <u>any person</u>, . . . .") (underlining added); *see also Less v. Taber Instrument Corp.*, 53 F.R.D. 645, 647 (W.D.N.Y. 1971) ("Rule 30(a) ... does not distinguish between parties and non-parties; it simply provides that any party may take the testimony of any person [such as a non-party], including a party, by deposition upon oral examination.").

     Insofar as the court awarded sanctions pursuant to  Rule 30(d)(3)(C) which provides that "Rule 37(a)(5) applies to the award of expenses," Personius argues that Plaintiff is entitled only to the fees associated with Plaintiff's Motion seeking to compel Evans's continued deposition, Guerra Declaration ¶¶ 13-14, but may not recover fees for the time Plaintiff's counsel expended in preparing for the deposition, and also opposes payment of attorney fees for two attorneys.  *Id*. ¶¶ 14-16.  The court agrees that a reduction in the 60.9 total hours requested by Plaintiff as set forth in the time record, Plaintiff's Exh. C, is required.

     In particular, the attorney fees Plaintiff seeks in connection with preparing for the terminated deposition may not be recovered as Plaintiff's counsel was required to

---

³ The court notes that Rule 30 is among the authorities referenced by the Deposition Guidelines. Deposition Guidelines ¶ 14 (referencing Rules 16, 26(f), 30, and 37(a)).

engage in such preparation regardless of whether the deposition of Evans was completed or not.  As such, permitting Plaintiff to recover those fees would amount to a windfall.  See *Matteo*, 2012 WL 5177491, at *7 (attorney fees awarded as sanctions are intended only to compensate for additional expenses incurred because of the bad faith conduct).  Accordingly, Plaintiff may not recover for any of the attorney fees incurred prior to attending the terminated deposition on January 12, 2024, resulting in a reduction of 21.2 hours and leaving 39.7 hours billed for Wischerath.

  The time record shows Wischerath, on January 12, 2024, spent 1.4 hours attending Evans's deposition.  After terminating the deposition, Wischerath spent 3.2 hours researching the law applicable to attorney conduct and obstruction during a deposition, and an additional three hours drafting Plaintiff's motion which included reviewing the terminated deposition transcript and video, for a total of 6.2 hours to prepare Plaintiff's motion to compel.  Despite only 6.2 hours expended by one attorney, Wischerath, researching and drafting the motion to compel, the time record shows multiple entries for work by both Wischerath and co-counsel Richard P. Weisbeck, Jr., Esq. ("Weisbeck"), totaling 31.1 hours researching and drafting the reply in further support of the motion to compel.  In particular, the time record entries show 13.6 hours were expended by Wischerath, and 17.5 hours by Weisbeck, to research and draft the 11-page reply (Dkt. 103).  No explanation is provided regarding the need for two attorneys to prepare the reply given the uncomplicated nature of the issue presented. *See Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 276 F.R.D. 105, 112-13 (S.D.N.Y. 2011) (reducing by 50% hours sought in fee application for sanctions awarded in connection with motion to compel where the nature of the legal argument

7

was "straightforward").  Accordingly, the 17.5 hours for Weisbeck are disallowed, leaving 22.2 hours for Wischerath, an hour of which was for drafting the Fee Application.

The court does not find any need to make an across-the-board reduction to trim the fat.  Further, the $ 275 hourly rate claimed by Weischerath, which Personius does not challenge, is reasonable given what has previously been approved by the court in connection with similar matters.  *See Ortiz v. Stambach*, 657 F.Supp.3d 243, 268 (W.D.N.Y. 2023) (approving $ 300 hourly rate for experienced attorney in a civil rights matter).  Defendants' fee application is GRANTED in part and DENIED in part with Defendants' attorney fees awarded as follows:

22.2 total hours billed by Wischerath, multiplied by hourly rate of $ 275 =  $ 6,105

Plaintiff thus is awarded $ 6,105 for attorney fees incurred by Wischerath in attending the terminated deposition, researching and drafting the motion to compel Evans's further deposition and the reply, and preparing the Fee Application.

As regards the costs Plaintiffs request, Wischerath asserts that on January 12, 2024, the date of the terminated deposition, they incurred $ 916.40 in costs for video and recording services ($ 195), and an expedited transcript ($ 721.40) provided by Sue Ann Simonin Court Reporting, Inc.  Wischerath Declaration ¶ 2.  Personius does not dispute these costs which are supported by invoices.  Plaintiff's Exhs. A and B.  Accordingly, Plaintiffs' requests for $ 916.40 in costs for video, recording, and transcript services is GRANTED.

## CONCLUSION

Based on the foregoing, Plaintiff's Fee Application (Dkt. 122) seeking pursuant to Rule 30(d)(3)(C) $ 18,533.90 for costs and attorney fees incurred in connection with non-party Evans's terminated deposition and Plaintiff's motion to continue Evans's deposition (Dkt. 92) is GRANTED in part and DENIED in part. Rodney O. Personius, Esq., is ORDERED to pay Plaintiff $ 6,105 in attorney fees and $ 916.40 in costs for a total of $ 7,021.40 within 30 days.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:   May 1, 2025
         Buffalo, New York