UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARTIN GUGINO,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF BUFFALO, *et al.*,<br><br>        Defendants. | REPLY DECLARATION IN SUPPORT OF OBJECTIONS TO DECISIONS AND ORDERS FILED AS DKT # 121 AND 136<br><br>Civ. No. 21-CV-283-LJV-LGF |

_____

  JOSEPH M. GUERRA, III, Esq., declares pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct:

  1. I am of counsel to Personius Melber LLP, attorneys for non-party witness John Evans, President of the Buffalo Police Benevolent Association, who was deposed in connection with the above-captioned action by counsel for Plaintiff on January 12, 2024. This Declaration is submitted in reply to Plaintiff's Opposition to the Objections of Rodney O. Personius, Esq. to the Decisions and Orders of Hon. Leslie G. Foschio, United States Magistrate Judge, filed as Dkt # 121 and 136, and in support of the Objections.

  2. On May 15, 2025, Mr. Personius filed his Objections to the Decisions and Orders of Magistrate Judge Foschio granting sanctions in favor of Plaintiff arising out of the deposition of non-party witness John Evans (Dkt #137). On June 4, 2025, Plaintiff filed his Opposition to the Objections (Dkt #144). This Declaration is filed in reply to Plaintiff's Opposition.

**Relevant Facts**

  3. According to Plaintiff, with tunnel vision, the relevant facts underlying the Objections are limited to:

1

> During a deposition of a non-party witness an index card with a typed written statement was passed by an attorney to the witness along with an instruction to the witness to read it in response to questions counsel didn't like. Dkt. 92-3. The attorney questioning the witness stopped the deposition and asked the attorney for the non-party to agree to proceed with the deposition without the use of index cards and/or ongoing deposition interference. Dkt. 92-4. Rather than proceed, the attorney for the witness told the questioning attorney to "Go ahead and file your motion." Id. at 41:16; 46:15; 47: 14. Thus, the deposition concluded, and motion practice ensued.

(Dkt #144, p. 3). Ignored by Plaintiff is what transpired before, during, and after the events selected by Plaintiff for the Court's consideration. Also ignored by Plaintiff is that what transpired before, during, and after Plaintiff's selected events was clearly set forth in the record prior to the granting of the objected to Decisions and Orders. Further, the use of the index card is a non-issue as Mr. Personius agreed in his Objections that "the note card should not have been used." (Dkt #137, p. 5, n. 2).

4.     Set forth in the Objections is the entirety of the prior history of the discussions between Mr. Personius and counsel for the Plaintiff regarding the deposition of Mr. Evans and related document discovery, as well as what transpired during the deposition of Mr. Evans and after the deposition prior to Plaintiff filing his motion for sanctions (Dkt #137, p. 3-8). Plaintiff makes no attempt to contest the detailed Statement of Facts in the Objections (Dkt #144, p. 4).

## Argument

**I. There Was No Need to File Objections to the Decision and Order Filed May 30, 2024 (Dkt #112)**

5.     Plaintiff asserts that Mr. Personius waived his right to object to Magistrate Judge Foschio's Decision and Order filed May 30, 2024, in which he directed Mr. Personius and Mr. Evans to show cause why sanctions should not be imposed on them (Dkt #112, p. 31-37). There was, however, no reason to object to that Decision and Order.

6. In response to the May 30, 2024, Order, Mr. Personius argued that, pursuant to Rule 37(a), the imposition of sanctions was inappropriate (Dkt #114, 115). By way of a Decision and Order hereby objected to, Magistrate Judge Foschio found that sanctions were appropriate pursuant to Rule 37(a) (Dkt #121).

7. Accordingly, Magistrate Judge Foschio's ultimately final order granting sanctions, but for the amount, has been objected to. Plaintiff has offered no reason why the propriety of the sanctions is not before the Court on these Objections.

**II. The Requirements for the Imposition of Sanctions Set Forth in Rule 37(a) Were Not Met.**

8. Mr. Personius' Objections explain why the granting of sanctions runs afoul of Rule 37(a)(5) (Dkt #137, p. 13-18). With respect to the mandate of Rule 37(a)(5)(A)(i), Magistrate Judge Foschio's finding the Mr. Personius agreed that Plaintiff would file a sanctions motion selectively misreads the record, ignores the several efforts of Mr. Personius to resolve the issue at the deposition such that Mr. Evans' testimony could continue, and ignores Mr. Personius' further effort to resolve the issue before Plaintiff filed his sanctions motion.

9. The parties agree that the core issue before the Court is whether Rule 37(a)(5) was correctly applied in awarding sanctions against Mr. Personius. In making that determination, the entirety of the events before, during, and after the deposition of Mr. Evans should have been evaluated in order that what transpired during the deposition was placed in the proper context (Dkt #137, p. 3-8).

10. Contrary to Plaintiff's obligation to refrain from filing a motion to compel discovery and for sanctions "before attempting in good faith to obtain the disclosure or discovery without court action," as required by Rule 37(a)(5)(A)(i), the record shows that it was Mr.

3

Personius who repeatedly attempted to resolve the issue regarding Mr. Evans' testimonial capacity, and not Plaintiff's counsel.

11. The transcript of Mr. Evans' deposition shows that it was Mr. Personius who made three attempts to resolve the issue of Mr. Evans' testimonial capacity as the deposition was underway, any one of which would have resulted in the deposition going forward to completion had counsel for Plaintiff been inclined to resolve the issue without court intervention.

12. When the issue of Mr. Evans' testimonial capacity first came up at the deposition, Mr. Personius offered "to go off the record and talk about it[.]" That offer to address the issue was ignored by counsel for Plaintiff (Dkt #92-4, p. 37).

13. When this issue surfaced again, Mr. Personius proposed, "[w]e can just call the Judge, you don't need to make a motion. We can call the Judge and discuss it if you wish." For s second time, counsel for Plaintiff refused an opportunity to resolve the issue so the deposition could continue (Dkt #92-4, p. 42).

14. After reviewing the Deposition Guidelines, Mr. Personius unsuccessfully sought to confer with Mr. Evans in order to explain to Mr. Evans that he should answer all questions directed to him, with Mr. Personius placing objections on the record as needed. Such would have also allowed the deposition to continue to completion (Dkt #92-4, p. 44-46; Dkt #101, p. 13-14, ¶¶ 82-85).

15. Ultimately, it was counsel for Plaintiff's interpretation of the Deposition Guidelines as absolutely prohibiting any consultation between a witness and attorney which resulted in counsel for the Plaintiff terminating the deposition (Dkt #92-4, p. 47).[1]

---

1. As pointed out in the Objections, in requesting sanctions against one of the Defendants in the underlying action, Plaintiff's counsel argued that Defendant's counsel improperly refused to speak with the Defendant during the Defendant's deposition (Dkt #137, p. 10, n. 5). As further pointed out in the Objections, the Deposition Guidelines do not categorically prohibit consultation between a witness and counsel during a deposition (Dkt #137, p. 11, n. 6).

16. Rebuffing all efforts to continue the deposition, counsel for Plaintiff opted to end the deposition with the goal of filing a motion for sanctions. Plaintiff does not contest that each of the above identified efforts were made by Mr. Personius. His counsel ignores these facts and instead focuses on the following out of context statement, made by Mr. Personius after all his efforts to resolve the issue at the deposition had been rebuffed: "If you interpret those that way, then fine. Go ahead and file your motion." (Dkt #144, p. 4; Dkt #92-4, p. 47). That statement, however, was not made in a vacuum, but rather after Mr. Personius' three attempts to continue the deposition had been either ignored or rejected by Plaintiff's counsel.

17. Plaintiff does not contest that, following the deposition, Mr. Personius made yet another attempt by email to continue the deposition with Mr. Evans answering all questions directed to him (Dkt #101, p. 14, ¶ 86; Dkt #101-1, p. 42). Predictably, this effort was again ignored, and without further communication from Plaintiff, the motion for sanctions was filed.

18. Plaintiff's purported good faith effort to confer boils down to stating his position that the deposition must continue under the rules as Plaintiff's counsel interpreted them, with no effort to discuss the matter. Further, Plaintiff completely ignored Mr. Personius' email attempt to resolve the issue before filing his motion for sanctions. This is not a situation where "Plaintiff attempted in good faith to meet and confer with Defendant prior to filing its motion for a protective order" *Xerox Corp. v. Conduit Glob., Inc.*, No. 6:21-CV-06467 EAW, 2025 WL 586244, at *3 (W.D.N.Y. Feb. 24, 2025). There was no good faith effort by Plaintiff to confer about the issue in an attempt to resolve it before running to the Court.

## Conclusion[2]

For all the foregoing reasons, the Objections to the Decisions and Orders filed as Dkt # 121 and 136, granting sanctions against Mr. Personius and setting the amount of the sanctions should be sustained, and the Decisions and Orders reversed and vacated.

Dated: Buffalo, New York
June 11, 2025.

**/s/ Joseph M. Guerra, III**
Joseph M. Guerra, III, Esq.
PERSONIUS MELBER LLP
*Attorneys for Non-Party Witness*
*John Evans*
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716)  855-1050
jmg@personiusmelber.com

TO: Melissa D. Wischerath, Esq.
LIPSITZ GREEN SCIME CAMBRIA LLP
*Attorneys for Plaintiff*
42 Delaware Avenue, Suite 120
Buffalo, NY 14202

---

2. To the extent not addressed explicitly herein, the arguments raised in Points II to V of the Plaintiff's Opposition were all addressed in Mr. Personius' Objections.

Plaintiff's Opposition accuses Mr. Personius of "filing endless motions" (Dkt #144, p. 12). The only motions filed by Mr. Personius were motions for an extension of time and, later, for a stay (Dkt #123; Dkt #138), both of which were opposed by the Plaintiff (Dkt #125, p. 3-4; Dkt #141), and both of which were granted by the Court (Dkt #126; Dkt #143).